J. C. MILLER, *Plaintiff in Error*, v. CHASE & COMPANY, ·A
CORPORATION, *Defendant in Error*.

Division B.

Opinion Filed December 20, 1924.

Petition for Rehearing Denied January 10, 1925.

1. The burden of proving ,agency is on the party asserting it.

2. A principal is not bound by the acts of his agent committed
'outside the scope of his authority unless such acts are known
to or brought home to the principal.

3. Persons dealing with an agent are charged with the respon-
sibility of satisfying themselves as to the scope of the
agent's authority.

A Writ of Error to the Circuit Court for Flagler
County; A. V. Long, Judge.

Judgment affirmed.

*George C. Bedell* and *A. H. & Roswell King*, for Plain-
tiff in Error;

*Cooper, Cooper & Osborne, J. C. Cooper, Jr.,* and *Cyril
C. Copp,* for Defendant in Error.

TERRELL, J.—J. C. Millier sued Chase & Company, a
corporation, upon *indebitatus* counts to recover the value
of two cars of potatoes, the declaration being in part as
follows: "for goods sold and delivered by the plaintiff to
the defendant; and for a like sum for goods bargained and
sold by the plaintiff to the defendant."

The case went to trial on the pleas of "never was in-

debted'' and ''payment.'' At the conclusion of plaintiff's testimony defendant made a motion for an instructed verdict which was granted. A motion for new trial was denied, and error is assigned here on the refusal to grant this motion, and the action of the court in granting the motion for an instructed verdict. Full statement of the facts in this case will be found in Chase & Co. v. Miller, 81 Fla. 472, 88 South. Rep. 312.

Section 2695 Revised General Statutes, 1920, among other things, provided that in the trial of any civil case when all the evidence has been submitted on the part of the plaintiff, if it be apparent to the judge trying such case that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff, the judge may then direct the jury to find a verdict for the defendant.

Both assignments may be disposed of by a determination of whether or not the court below properly ordered an instructed verdict. Such determination must necessarily contemplate an examination of the evidence.

Plaintiff's case is predicated on the fact that two cars of potatoes were delivered by plaintiff to the defendant through its agent Waterman who agreed to purchase said potatoes at certain prices. In support of his claim plaintiff testified that Waterman represented himself to be the agent of Chase & Company, the defendant; that he, plaintiff, ''understood'' that he was selling his potatoes to defendant at a fixed price; that he received more for the first car than he expected, and that he was paid by check in the form of account sales showing number of barrels sold and deduction of commission for handling. C. B. Miller and others testified on behalf of plaintiff as to market value of potatoes at the time of sale, and that they sold potatoes to Chase & Company at about the same

time, but in each instance account sales were produced showing deduction of commission charges made by defendant, and other facts inconsistent with a sale.

The burden of proving the agency of Waterman was on the plaintiff, and to establish this fact he introduced as a witness W. H. Mouser who testified that at the time of the sale of the potatoes in question he was sales manager and assistant secretary for Chase & Company; that Waterman worked under his (Mouser's) instruction; that he (Waterman) was not authorized to purchase potatoes from the plaintiff or any one else, but was only authorized to solicit potatoes from the growers to be handled on consignment, or by defendant as marketing agent for the grower. Mouser was positive in his statement that Waterman was merely soliciting on consignment for Chase & Company, while all other witnesses testified that they "understood" that Waterman was buying potatoes for Chase & Company.

On careful analysis the whole testitmony, including that of Mouser, with reference to exhibits 1, 2 and 3, is consistent with the idea that defendant was handling the potatoes of plaintitff as his factor or marketing agent. There is no positive testimony supporting a sale or that shows a meeting of the minds of plaintiff and defendant as to a sale. There is nothing to show that plaintiff made any attempt to investigate the extent of the authority of Waterman to bind Chase & Company, while the testimony of Mouser, plaintiff's witness, shows that Chase & Company were at no time advised or had knowledge that Waterman was purchasing potatoes for them. Under the law such facts must be known or brought home to the defendants in order that it be put on notice and be bound for such purchases. 1 Mechem on Agency (2nd ed.) Par. 743, 744 and 745, page 526, and cases there cited.

The judgment below is therefore affirmed.

WHITFIELD, P. J., AND WEST, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.