G. & L. ROOFING CO., *et al.,* v. AUGUSTA E. THOMA.

196 So. 414
Special Division A
Opinion Filed May 24, 1940

*Ernest L. Dunaine, Blackwell & Walker, Stapp, Gourley, Ward and Ward, Thompson & Thompson, Knight & Green, Phillips & Thompson, J. C. Sullivan, G. E. McCaskill, W. P. Hughes, H. U. Feibelman, Roscoe Brunstetter,* and *W. F. Parker,* for Appellants;

*Botts & Field, Baynard & Baynard,* and *K. D. Harris,* for Appellee.

CHAPMAN, J.—The record in this case discloses that in the Fall of 1936 Augusta E. Thoma, widow and teacher, entered into negotiations for the purchase of certain de-

scribed land situated in Miami, Florida, through certain real estate brokers. During December, 1936, O. P. Searing, S. C. Searing, Ralph Folwell, Charles A. Horning and Gustav Weber, Sr., organized a corporation known as Modern Manors, Inc., and the purpose of the corporation was to build or construct houses, and Gustav Weber, Sr., was General Manager. Augusta E. Thoma purchased the real estate for the purpose of building site and a home for her mother and daughter.

It was necessary to make fills on the land so that the property would be suitable for a building site, and when she was in Miami in December, 1936, certain improvements were discussed on two occasions by Gustav Weber, Sr., and Augusta E. Thoma, at a Northwest Thirtieth Street house in the City of Miami, where she was then stopping. The discussion between Mrs. Thoma and Weber was in the presence of Mrs. Cullman, Mrs. Drake and Mr. Searing. Mr. Weber agreed to build or construct a dwelling, make fills on the land and do certain landscaping for $9,840.00. The home or building was to be constructed according to a draft or drawing thereof presented to Mrs. Thoma at the time of the discussion and in which each and every detail incidental to the construction of the house were fully outlined and presented. There is testimony to the effect that Mrs. Thoma accepted the offer as made by Mr. Weber personally and for Modern Manors, Inc.

Mrs. Thoma returned to her home in New Jersey and the blue prints, sketches, floor plans and specifications were sent to her by Mr. Weber or Modern Manors, Inc., and on April 13, 1937, she paid $5,000.00 on account of contract price to Gustav Weber. Considerable correspondence passed between Mrs. Thoma and Mr. Weber and Mr. Folwell, who was connected with Modern Manors, Inc. On

June 3, 1937, a statement was sent to Mrs. Thoma showing the cost of the house in the sum of $14,641.78, with extras bringing the total cost thereof to $17,546.76. This sum she refused to pay, taking the position that the contract for a completed job or project was the sum of $9,840.00.

It was admitted that Mr. Weber was not a contractor and had but little experience in construction work, but at the time of the construction of the Thoma job five other jobs or projects were under process of construction by Mr. Weber and Modern Manors, Inc. Mr. Weber had purchased material that he asserted went into the Thoma building and employed considerable labor approximating several thousand dollars above the amount of the cost of the building as contended for by Mrs. Thoma. Weber and Modern Manors, Inc., did not pay for the alleged costs of the extras going into Mrs. Thoma's building, and persons, firms and corporations furnishing materials, supplies and labor going into this building filed suit in the Circuit Court of Dade County, Florida, praying: (a) for an accounting; (b) for a decree for liens upon the property; and (c) that the property be sold to satisfy the liens.

An answer was filed to each of these lienor claims and the case, after the issues were settled, was referred to Hon. Norris McElya as Special Master, with directions to take the testimony offered by the respective parties and thereafter report the entire proceedings back to the court with his findings of fact and law.

The respective parties presented to the Special Master evidence on the issues tendered and he filed his written recommendation as to fact and law to the Chancellor, who, upon final hearing sustained and affirmed the findings and recommendations as made, with some few inconsequential

exceptions, and a decree was entered in the lower court in behalf of Mrs. Augusta E. Thoma, holding that a contract existed between her and Gustav Weber, Sr., and Modern Manors, Inc., wherein the house as a completed project would not cost in excess of $9,840.00 and held that the claims for material, supplies and labor going into the said building were not liens on the said property. The final decree recites and charges the property on a *quantum meruit* basis for the costs of a few items classified as extra. From the final decree an appeal has been perfected to this Court.

It is contended in this Court, and we think properly so, that if Gustav Weber, Sr., was the agent of Augusta E. Thoma and was authorized to make purchases in her behalf of the materials going into the building, then the claim lienors should prevail. If a contract existed between Gustav Weber, Sr., and Modern Manors, Inc., and Mrs. Augusta E. Thoma for the construction of the building, fills and landscaping in a sum not exceeding $9,840.00, then the materials purchased by Gustav Weber, Sr., going into the building would be chargeable against him and not the property of Augusta E. Thoma.

We have carefully examined the numerous exhibits offered by the respective parties to this suit, correspondence between the parties, the picture draft of the proposed building supplied by Gustav Weber, Sr., to Augusta E. Thoma, and have read the large record containing the evidence in this case. It cannot be overlooked that a decision in this case must turn upon the evidence of Mrs. Augusta E. Thoma, Mrs. Drake, Mrs. Cullman and Mr. Searing on the one part and that of Mr. Gustav Weber, Sr., on the other. The persons, firms and corporations supplying the materials and labor in and about the building involved had but little knowledge as to this agreement bewteen Augusta E. Thoma

and Gustav Weber, Sr., and Modern Manors, Inc. On cross examination Mr. Weber testified that his authority to act as the agent of Mrs. Thoma was based upon a letter dated January 5, 1937, from Mrs. Thoma to Mr. Folwell, a member of the firm of Modern Manors, Inc., viz.:

"52 Riverview Ave., Avon-by-the-Sea, Jan. 5, 1937.

"Dear Mr. Folwell—

"Hope you are feeling much better by this time.

"No doubt Mr. Searing and Mr. Weber told you about further arrangements on those lots. Mr. Weber has my permission to go ahead just as he sees fit to do. (He told me to let him alone hahaha). I told him you are going to look after the fill, etc. At any rate I know you will both cooperate so that things will go along smoothly.

"I hope to have a check ready for you as soon as I can stir up my lawyer.

$21.60

"Enclosed is my check for $19.20 for the leveling of that first lot.

"Sincerely,

"Mrs. Thoma.

"Wrote this in a hurry, while waiting for the school bell please excuse mistakes."

It is this letter and the specifications for the building sent to Mrs. Augusta E. Thoma, it is contended, which constitute the basis of the agency to buy several thousand dollars worth of extras going into the Thoma home. The lower court held that the showing as to agency as made on the part of Weber was insufficient to bind Augusta E. Thoma. We fail to find merit in this assignment. See Miller v. Chase & Co., 88 Fla. 500, 102 So. 553.

We have given careful consideration to the entire record, heard able arguments at the bar of this Court, and the

briefs and authorities cited by counsel for the respective parties have been carefully examined. There exists in law, as well as in equity, a presumption of the correctness of the ruling of the lower court and the burden to show error rests upon the one asserting error. See Jackson v. Jackson, 80 Fla. 557, 86 So. 510; Wang v. First Nat. Bank, 92 Fla. 974, 110 So. 527.

The decree appealed from is hereby affirmed.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.