189 So.2d 827 (1966)
Harriet Blu JOHNSON, Appellant,
v.
B.K. JAQUITH et al., Appellees.
No. 304.
District Court of Appeal of Florida. Fourth District.
September 2, 1966.
Rehearing Denied September 28, 1966.
H.T. Maloney, of Patterson & Maloney, Ft. Lauderdale, for appellant.
*828 Mark Maurer, of Maurer & Maurer, Ft. Lauderdale, for appellees.
ANDREWS, Judge.
Plaintiff, Harriet Blu Johnson, appeals from a final judgment allowing plaintiff partial damages against defendants, B.K. Jaquith, Andrew Anderson, Anderson Engineering and Manufacturing Co., and Technical Industries, Inc., in plaintiff's suit for damages for unpaid rent and for physical damage to the premises owned by the plaintiff and leased to the defendants and their successors.
In July 1959 plaintiff, Harriet Blu Johnson, d/b/a H.E.K. Tool and Manufacturing Co., entered into a lease with Anderson Engineering and Manufacturing Co., hereinafter referred to as Anderson Co. The lease called for a monthly rental of $350.00 from July 1, 1959 until June 30, 1964.
The lease contained various covenants including covenants whereby the lessee agreed to maintain the premises in good condition, agreed to indemnify the lessor for all claims, suits and damages which shall arise out of the use of the premises, and agreed to repair any damage to the premises caused by the removal of any fixtures pursuant to the lease. The lease, as modified, also included a clause which provided "that the lease shall be fully assignable provided, however, that the consent of the lessors is obtained to such assignment, which consent, however, shall not be unreasonably withheld."
Andrew Anderson signed the lease for the corporation as president and personally guaranteed payment of all sums due or to become due by Anderson Co. pursuant to the terms of the lease.
On June 1, 1960 the lessee, Anderson Co., was sold to a group of investors including the defendant, B.K. Jaquith, who subsequently became president of Anderson Engineering and Manufacturing Co.
On September 12, 1960 Jaquith, as president of Anderson Co., notified plaintiff that the company was moving part of the equipment and operation to another location and that the company might wish to sublease the premises under the lease. Later plaintiff received a letter dated December 7, 1960 from Anderson Co., by Jaquith, notifying plaintiff that Production Engineering Company had taken over the operation of the manufacturing operations in the leased property. Enclosed was an assignment of the lease to and assumption of lease by Production Engineering for plaintiff to sign together with Production Engineering's check in the amount of $350.00 for the December rent.
A month later by letter dated January 9, 1961 plaintiff returned the assumption and assignment of lease toegther with Production Engineering's check. Plaintiff advised that she had inspected the premises and had found them in a deplorable state of repair. Later by letter plaintiff notified defendant Jaquith of Anderson Co. that she could not consent to the assignment of the lease to Production Engineering in that she did not know nor was she able to determine that the company was financially able to meet the obligations under the lease. Plaintiff agreed to recognize the assignment if Production Engineering provided her with a certified financial statement reflecting a satisfactory financial position. Plaintiff refused to accept any rent from Production Engineering. Anderson Co. resumed paying the rent to plaintiff.
By letter dated December 15, 1961 Jaquith of Anderson Co. again urged plaintiff to reconsider the assignment of the lease to Production Engineering. In order to persuade plaintiff to accept the assignment, Jaquith made the following statement:
"Might I suggest that if Anderson Engineering would enter an agreement with you to guarantee and forward to you the lease payments, this should remove any concern on financial stability and *829 reluctance to accept Production Engineering as a tenant. * * *" (Emphasis added.)
On January 3, 1962 the defendant Jaquith again requested plaintiff to accept the assignment. Plaintiff again refused to give her consent until she was furnished proof of the financial capacity of Production Engineering.
Some time in November 1962 Production Engineering quit the premises and no further payment of rent was made by Anderson Co. to plaintiff. Plaintiff, pursuant to the terms of the lease, accelerated the lease payments and sued defendants for the balance of the rent and damages to the premises.
The trial judge found that plaintiff's refusal to consent to the assignment of the lease by the defendants to Production Engineering was unreasonable in view of the offer of the defendants to remain personally liable on the lease. The final judgment recited that had plaintiff accepted the defendants' guaranty she would not have been in any worse position from the standpoint of financial security for the payment of the lease to her.
Accordingly, the trial judge held that the defendants were only liable to the plaintiff for certain damage which had been done to the leased premises during the time the defendants had the same under lease and prior to the unreasonable refusal of the plaintiff to consent to the assignment of the lease. It is not clear what point of time the judge used to determine when the plaintiff unreasonably refused to give her consent. The final judgment refers to the offer as contained in a letter dated December 7, 1960, whereas the record and the parties refer to a letter dated December 15, 1961.
On appeal the only issue raised is whether the trial judge erred in finding that the lessor unreasonably withheld her consent to the proposed assignment. Ordinarily, an appellate court will refuse to consider a finding of fact made by a trial judge acting in a non-jury case as fact-finder unless the finding is clearly erroneous or against the manifest weight of the evidence. Williams v. Kane, Fla. 1956, 88 So.2d 599. However, where the court's findings are contrary to the legal effect of the evidence, the appellate court must reverse. Lee Construction Corp. v. Newman, Fla. App. 1962, 143 So.2d 222.
We are of the opinion that the court's finding that plaintiff's refusal to consent was unreasonable is erroneous for two reasons. First, the court erred in construing the letter written by defendants to be a legally effective offer to remain personally liable on the lease. From the language quoted above it is clear that the suggestion by Jaquith in the letter dated December 15, 1961 that "if Anderson Engineering would enter an agreement to guarantee * * * etc." is no more than preliminary negotiation. See Williston on Contracts § 27 (3rd edition).
Secondly, even if the statement can be construed as a legally operative offer, the court erroneously construed the effect of the offer. The offer was to guarantee payment of the rental and did not agree to remain personally liable for breach of the other lease covenants. The record clearly indicates that plaintiff was also very much concerned with the financial ability of Production Engineering to meet the other obligations under the lease. The information as to the financial responsibility of Production Engineering requested by plaintiff was not furnished her. Until plaintiff was furnished satisfactory proof of the financial ability of the proposed assignee to meet all of the obligations under the lease the plaintiff was justified in refusing to consent to an assignment of the lease.
Even if the letter by defendants constituted an offer to guarantee rent payments, plaintiff was placed in a worse financial position with respect to enforcing the other *830 covenants in the lease. Therefore, we hold that the letter dated December 15, 1961 was insufficient as a matter of law to constitute an offer to guarantee that Production Engineering would perform all its obligations under the lease, and defendant has not carried his burden of proving that plaintiff had unreasonably refused to consent to assignment.
Accordingly, we affirm the determination that the plaintiff is entitled to damages against the defendant but reverse as to the amount of such damages with direction that the trial court determine such damage in accordance with the foregoing opinion.
Affirmed in part; reversed in part.
SMITH, C.J., and WALDEN, J., concur.