THE KROGER Co. *v.* ROSSFORD INDUSTRIAL CORPORATION, INC.

[Cite as Kroger Co. v. Rossford Industrial Corp. (1969), 25 Ohio Misc. 43.]

(No. 204269—Decided December 16, 1969.)

Common Pleas Court of Lucas County.

*Messrs. Fuller, Seney, Henry & Hodge,* for plaintiff.
*Messrs. Boggs, Boggs & Boggs,* for defendant.

WILEY, J. In construing paragraph 40 of Exhibit B, page 70; to wit, "Tenant may assign this lease or sublease the demised premises, provided, however, tenant shall first obtain the written consent of landlord, which shall not be unreasonably withheld," the court has considered all the exhibits in the case; however, the lease, Exhibit A, the lease agreement, Exhibit B, and the lease modification agreements, Exhibit C, Exhibit D, and Exhibit E, with particular attention being given to Exhibit B, page 9, indicate that the leased premises were a part of an integrated shopping center. The court finds that it was not the intention of the parties to permit an assignment of the lease which would prohibit the use of the leased premises for the precise purpose it was originally designed, constructed, and intended by the parties to be used. Accordingly, the court finds that it is not unreasonable that the lessor refuses to give consent to an assignment of the lease, which not only fails to require a continuation of any business which is compatible with the building designed and constructed in accordance with the specifications required by the Kroger Company, but also specifically prohibits the use of the assigned premises as a retail food store.

In the absence of anything to the contrary in the

record, it would appear that the J. C. Penney Company could use the premises for any purpose whatsoever, except as a retail food store. This, precisely, is the position of the plaintiff. In denying the prayer of the plaintiff the court is not resting its decision solely on the prohibition contained in the assignment of the lease against the use of the assigned premises for the purposes of a retail food store. Consideration is given to the other objective criteria of acceptability.

In the case of *American Book Co.* v. *Yeshiva Development Foundation, Inc.* (1969), 59 Misc. 2d 31, 297 N. Y. S. 2d 156, at page 160 a reference was made to the objective criteria of the acceptability from the landlord's point of view of the tenant under an assignment qualified as in this case. Among these were (a) financial responsibility; (b) the identity or business character of the assignee; that is, his suitability for the particular building; (c) the legality of the proposed use; (d) the nature of occupancy, such as office, factory, clinic, or whatever. In our case there is no question concerning the financial responsibility or the legality of the proposed use by the J. C. Penney Company. It would appear from reading lines 148 to 154, which were crossed out on the lease agreement, Exhibit B, page 1, that the Kroger Company does not desire to disclose the general nature of the business which the J. C. Penney Company proposes to conduct. Consequently, it might very well be that the precise nature of the occupancy by the assignee would be unreasonable under all the circumstances involved. Under its corporate powers the J. C. Penney Company could carry on a wide variety of business activities which could reasonably be considered unacceptable under "b" or "d" above. In the absence of some guidelines as to the nature of the occupancy or the suitability of the contemplated business activities, the lessor is not unreasonable in withhholding consent.

It is therefore ordered and adjudged and decreed that the defendant's failure to consent in writing to the assignment to the J. C. Penney Company, Inc., does not constitute a breach of the lease agreement,