PER CURIAM.
The appellants were the plaintiffs in the trial court. They appeal a final judgment for the defendants-appellees which was entered by the court after a trial without jury. The complaint sought a declaratory judgment which would establish appellants’ right to receive a sum of money deposited by one of the appellees with a real estate broker as a deposit upon a proposed purchase of real property from the appellant Michael Construction Co. The sale was not completed because of the purchaser’s failure to proceed with the purchase at the time and place stipulated in the deposit receipt contract.
The trial judge found that the equities of the cause were with the defendants and denied the relief sought. The judgment sets forth three findings as determinative. We do not pass upon the legal sufficiency of the first and third grounds contained in the judgment because the second ground is clearly sufficient to sustain the judgment. The second ground is:
* * * * * * “(b) That as a matter of Law, the evidence submitted to this Court relative to an agency relationship between the Plaintiff, LEON GORFINKEL, and the Plaintiff, MICHAEL CONSTRUCTION CO., a Florida corporation is totally insufficient to establish such a relationship.”
The record shows that the agreement to sell was signed only by Leon Gorfinkel. It appears that he was a stockholder in the corporate entity which owned the real estate described in the deposit receipt. The complaint alleged that Gorfinkel was acting as agent for the appellant, Michael Construction Co. Appellants’ failure to prove this essential allegation of his complaint requires the affirmance of the judgment for the defendants. Miller v. Chase & Co., 88 Fla. 500, 102 So. 553 (1924); Bogue Electric Mfg. Co. v. Coconut Grove Bank, 269 F.2d 1 (5th Cir. 1959); 3 C.J.S. Agency § 315b.
Affirmed.