311 So.2d 827 (1975)
Joseph I. DIXSON and Lolita Dixson, Appellants,
v.
Edward B. KATTEL, Appellee.
No. 74-499.
District Court of Appeal of Florida, Third District.
April 22, 1975.
Rehearing Denied May 16, 1975.
*828 Jepeway, Gassen & Jepeway, Miami, Joe Unger, Miami Beach, for appellants.
Spieler & Tendrich, Miami, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Joseph I. Dixson and Lolita Dixson, defendants, appeal a final judgment in favor of the plaintiff, Edward B. Kattel, entered after trial without a jury in an action for a brokerage commission. Kattel filed a three count complaint claiming a commission due on the sale and exchange of the Dixsons' properties to one Claude Dorsey in the first, breach of oral contract in the second, and conspiracy in the third. Dorsey was also named as a defendant in the latter count. At the end of the plaintiff's evidence, the court dismissed the claim against Dorsey, and at the end of all of the evidence, the court awarded judgment in favor of Kattel in the full amount demanded.
The issue is whether Kattel is entitled to a commission based on the evidence presented to the trial court. Generally, appellate courts will not disturb findings of the trier of facts, but if such findings are contrary to the manifest weight of the evidence, or are contrary to the legal effect of the evidence, the reviewing court has not only the authority and power, but also the duty, to reverse. B & B Supermarkets, Inc. v. Metz, Fla.App. 1971, 260 So.2d 529, 531.
There are a number of decisive facts in the record. Kattel and Dixson met in October, 1970, to discuss whether Kattel's father, a mortgage broker, could get refinancing on three of the Dixsons' properties. Dixson mentioned he was going to sell the buildings and Kattel stated that he would like to work on the sale. Dixson gave Kattel some financial data on the properties which he brought with him and Kattel arranged to pick up the rent rolls at Dixson's office the next day, after which they drove together to one of the properties. Kattel relies heavily on his contention that a trade or exchange of the Dixsons' properties was a concept initiated by him at the original conference, and on the undisputed fact that Dixson informed Dorsey on three occasions at, before or during the closing that Dorsey's property had been shown to him by Kattel. In our opinion, neither of these factors is sufficient to support an award for a brokerage commission. Other evidence further negates entitlement to a commission under the factual situation presented. Dorsey *829 testified that he learned of the proposed offer for sale and exchange through Mr. Dixson's newspaper ads and that he pursued the matter through direct communications with the Dixsons. Dixson was aware of the Dorsey property before it was shown to him by Kattel. It was conceded that Kattel never produced a prospect ready, willing and able to purchase the properties at the Dixsons' asking price. Although he did arrange one meeting with Dixson and another broker, allegedly Dorsey's agent, neither broker discussed the transaction or communicated an offer to Dorsey. All negotiations for the complex sale and exchange were conducted between Dorsey and the Dixsons without any interference or participation by Kattel. In fact, not only did Kattel not bring the parties together, he never even met with or spoke to Dorsey in reference to the subject transaction.
There is no legal basis for a broker's claim for compensation for services rendered, unless rendered at the express or implied request of his employer, even if a purchaser is found through information furnished by him. City Builders' Finance Co. v. Stahl, 1925, 90 Fla. 357, 106 So. 77, 78. The burden of proving the allegation that there was an agency relationship rests with the broker. Michael Construction Co. v. Smith, Fla.App. 1971, 244 So.2d 563. In the case sub judice, the burden has not been met. The record is devoid of substantial evidence in support of Kattel's allegation in Count I that he performed work and services as real estate broker for the Dixsons at their instance and request thus entitling him to a commission as their broker.
Had the requisite agency relationship been established, Kattel would then be entitled to a commission if he proved that he was the procuring cause of the sale. To be the procuring cause of a sale of real estate, a broker must show that he called the potential purchaser's attention to the property and that it was through his continuous efforts and negotiations that the sale was consummated. National Airlines, Inc. v. Oscar E. Dooly Associates, Inc., Fla.App. 1964, 160 So.2d 53. The manifest weight of the evidence does not support a determination that Kattel was entitled to a brokerage commission as the procuring cause of this transaction, therefore, Count I must fail. Unless an employment contract, or the circumstances surrounding an oral arrangement, as that alleged by Kattel in Count II, are unequivocal as to the granting of an exclusive right to sell, such right does not exist and the owner may make a sale himself, without becoming liable for commission to the broker. Wilkins v. W.B. Tilton Real Estate & Insurance, Inc., Fla.App. 1971, 257 So.2d 573, 575. Kattel did not contend, nor was there any proof that he had an exclusive right to sell and/or exchange the Dixsons' properties. Therefore, his second Count also fails.
Reversed and remanded to the trial court with directions to enter final judgment in favor of the defendants, Dixson.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent. The Dixons wanted to sell their property. The appellee conceived the idea of an exchange of properties between the Dixons and one Dorsey; this transaction actually closed. My view of the record supports the broker's entitlement to a commission and I would affirm the judgment under review. Bowen v. Everett, Fla.App. 1967, 205 So.2d 536; Vero Fruit Company v. Owens, Fla.App. 1968, 208 So.2d 627.