335 So.2d 577 (1976)
Stanley F. WHITMAN et al., Appellants,
v.
PET INCORPORATED et al., Appellees.
No. 75-1377.
District Court of Appeal of Florida, Third District.
June 8, 1976.
Rehearing Denied August 10, 1976.
*578 Therrel, Baisden, Peterson, Stanton & Stillman and Howard A. Setlin, Miami Beach, for appellants.
Cassel & Benjamin and Gubman & Sitomer, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendant lessors appeal final judgment enjoining them from terminating their lease with the plaintiff in this action to declare a notice of termination of lease between the parties null and void.
Defendant-appellants (hereinafter referred to as Bal Harbour) are the developers, owners, and managers of a shopping center known as The Bal Harbour Shops which leases space only to merchants with outstanding reputations for furnishing top quality merchandise and services. In 1966 Bal Harbour entered into a 20 year lease with Frank G. Shattuck Company to occupy premises in the shopping center for the operation of a "Schrafft's" restaurant which enjoyed a reputation for good food and service. In 1972 Frank G. Shattuck Company became part of Pet Incorporated and Bal Harbour consented to assignment of the lease to plaintiff-appellee Pet Incorporated. In 1973, pursuant to the below quoted provision of the lease between the parties, Pet notified Bal Harbour that it was negotiating with the Riese brothers of New York for the sale of its Schrafft's restaurants and requested consent to the assignment of its lease. After investigation, Bal Harbour learned from various sources that the Riese brothers were not considered quality food operators and refused to consent *579 to the assignment. Pet then entered into a management agreement with Riese brothers to take over the operation of the restaurant and the quality of the food rapidly declined. By letter dated December 21, 1973 Bal Harbour notified Pet of termination of the lease as of January 10, 1974 because Pet, in effect, had transferred the lease to Riese brothers without Bal Harbour's consent. The lease contained the following pertinent provision:
"Section 11.9 Successors and Assigns  Tenant shall not have the right to sell, assign, transfer, mortgage, pledge, sublease or in any manner dispose of this lease or any estate or interest therein without the previous written consent of the Landlord, which consent shall not be unreasonably withheld and provided it is assured that substantially the same type, class, nature and quality of business, merchandise, services and management, including, without limiting the generality of foregoing, similarity and nature, type, quality, retail price structure, and volume of merchandise sold or offered for sale, and prestige, reputation and financial soundness of ownership and management, is maintained and will continue to be furnished in a manner compatible with the high standards contemplated by this lease, and, provided, further, that each and every covenant, condition or obligation imposed upon Tenant by this lease and each and every right, remedy or benefit afforded Landlord by this lease, is not thereby impaired or diminished. Consent by Landlord to one or more assignments of this lease or to one or more subletting of said premises shall not operate to exhaust Landlord's rights under this paragraph."
Pet then filed a complaint seeking (1) to have the notice of lease termination declared void, (2) to enjoin Bal Harbour from terminating the lease, (3) to compel consent of the assignment to the Riese brothers or their corporate designee, Bal Harbor Restaurant Corp., and (4) to recover damages for unreasonably withholding consent to assignment. Pet obtained an injunction enjoining Bal Harbour from terminating the lease until further order of court. Bal Harbour counterclaimed alleging Pet to be in default of the lease in that it did not have the capability of operating the demised premises as required thereunder, and that Pet had assigned the lease in a manner not permitted by its terms. Bal Harbour prayed that (1) the lease be declared terminated, (2) the assignment be declared void, (3) Riese brothers or their corporate designee be enjoined from using the premises, and (4) damages be awarded for Pet's failure to quit the premises.
After close of all evidence, the trial judge found that Bal Harbour unreasonably withheld consent to an assignment of the lease, and neither Pet nor the Riese brothers have in any way violated the terms of the lease. Thereupon, he ordered Bal Harbour be restrained from terminating the lease and that they consent in writing to an assignment of the lease. Pet's claim for damages and Bal Harbour's counterclaim were denied.
Bal Harbour contends the trial judge erred in finding that they unreasonably withheld consent to assignment of the lease, and Pet had not violated the terms of the lease which would require the lease to be declared void. We find these points well taken.
Generally, an appellate court will not set aside the findings of fact by the trial court in a non-jury case unless there is no substantial evidence to sustain them, or they are contrary to the manifest weight of the evidence or the legal effect of the evidence, or are induced by an erroneous view of the law. Holland v. Gross, Fla. 1956, 89 So.2d 255; Richards v. Dodge, Fla.App. 1963, 150 So.2d 477; Dixson v. Kattel, Fla.App. 1975, 311 So.2d 827.
First, contrary to the view held by the trial court, the burden was upon *580 Pet to prove that Bal Harbour had unreasonably withheld their consent to assignment of the lease and not upon Bal Harbour to show that their refusal to consent was reasonable. See Johnson v. Jaquith, Fla.App. 1966, 189 So.2d 827. Second, the overwhelming evidence is that although Riese brothers may be financially sound, they are not quality food operators and are not operating the restaurant in Bal Harbour Shops on a par with that traditionally associated with Schrafft's when it was owned and managed by Pet and its predecessor, the Shattuck Company. In fact, the former manager of Schrafft's testified that he had investigated the current operations and determined it to be a third class restaurant serving very bad food even though when he left, it was a fine restaurant serving excellent quality food and giving good service. In addition, the current manager testified that Riese brothers required that he spend only 30% of their expense dollar for food, paper and plastics, so that he was forced to consider price rather than quality and customers complained that the restaurant was not as it used to be.
We, therefore, find that Pet failed to demonstrate that Bal Harbour unreasonably withheld their consent to an assignment of the lease to Riese brothers. The judgment entered in Pet's favor is reversed and the cause remanded to the trial court to enter judgment for Bal Harbour on their counterclaim and to determine the amount of damages, if any, to which Bal Harbour is entitled for Pet's failure to quit the premises upon receipt of Bal Harbour's notice of termination.
In light of the above disposition, it follows that Pet's cross-appeal directed to the denial of its claim for damages is without merit.
Reversed and remanded.