636 P.2d 1252

**Leopold Charles D'OCA and Geraldine M. D'Oca, husband and wife; and Leopoldo's Ltd., an Arizona corporation, Plaintiffs/Appellants/Cross Appellees,**

v.

**George DELFAKIS and Giselle Delfakis, husband and wife, Defendants/Appellees/Cross Appellants.**

**No. 2 CA–CIV 3980.**

Court of Appeals of Arizona, Division 2.

Oct. 15, 1981.

Law Offices of Jacob Leon Siken by Carl M. Tootle, Tucson, for plaintiffs/appellants/cross appellees.

Chandler, Tullar, Udall & Redhair by Joe F. Tarver, Tucson, for defendants/appellees/cross appellants.

OPINION

BIRDSALL, Judge.

This is an appeal from a summary judgment in favor of defendants/appellees, Delfakis. The action, commenced by plaintiffs/appellants, D'Oca and Leopoldo's Ltd., sought damages from appellees in two counts. In Count One appellants-lessees claimed appellees-lessors had unreasonably withheld their consent to the assignment of a lease for a restaurant property on 6th Street in Tucson. In Count Two they alleged an intentional interference with a business relationship, i. e., the prospective lease assignment to third parties.

---

Appellants D'Oca, operated a restaurant on the property under the name of their corporation, Leopoldo's Ltd. The lease contained a provision prohibiting the lessees from assigning the lease, or subletting, without first obtaining the written consent of the lessor. However, the lease further provided that "the right to assign this lease will not be unreasonably withheld."

There are two questions presented on appeal:

1) Did the trial court properly grant summary judgment on the basis that appellants had failed to furnish appellees sufficient information upon which they could decide whether to consent to the lease assignment?

2) Was appellees' refusal to consent to the lease assignment a proper basis for appellants' tort claim of wrongful interference with a business relationship?

Appellees have filed a cross-appeal in which they contend the trial court's refusal to award them attorney fees was error.

We review the record in the light most favorable to appellants since they opposed the summary judgment motion. *Gulf Insurance Co. v. Gresham*, 126 Ariz. 123, 613 P.2d 283 (1980).

Appellants, by their attorney's letter dated December 21, 1979, requested appellees to sign an enclosed "consent to assignment" (of the lease). Also enclosed with the letter and consent form were copies of an assignment by appellants to a third party and his signed assumption of the lease. This communication gave the name and residence address of the assignee but contained no other information.

In reply, appellees' attorney wrote advising that his clients would not consent to the assignment for two reasons: First, the assignment had already been made without consent, a violation of the lease; second, appellants had failed to furnish sufficient information regarding the assignee.

Appellees' second reason is sufficient legal justification for their refusal. The letter, in that part, reads:

"Further, the D'Oca's presented no information whatsoever to the Delfakis' regarding whether Muhammed Duqmaq would be a suitable lessee. We have no idea as to his proposed use of the premises, his experience as a restauranteur (if such is his intended use), and his financial condition. Thus, even if the assignment was not void for failure to request consent prior to its execution, we would have no basis on which to ascertain whether there were reasonable grounds for giving consent."

Appellant's counsel answered the letter, acknowledging the paragraph quoted above, and stating that his clients would be very happy to furnish all information required to make such determination. Appellees were asked to advise what information they would require.

In several other letters exchanged by the two attorneys, they argued whether appellants had made an assignment without first securing appellees' consent. Not until the last letter from counsel for appellees was the subject of information concerning the proposed assignee mentioned again. In that letter appellees' attorney correctly observed that it was the lessees' obligation to furnish information about the assignee sufficient to permit the lessors to make a decision concerning consent to the assignment. Although this letter left the negotiations open, appellants' lawsuit was filed about five weeks later.

Copies of all of this correspondence were before the trial court which had to determine, first, was there any disputed, material fact precluding summary judgment, and, if not, was appellees' refusal to consent to the assignment reasonable as a matter of law? The trial court impliedly found in favor of appellees on both questions and we agree.

The burden to furnish sufficient information for a lessor to determine whether a consent to assignment of a lease will be given is the lessee's. *Johnson v.*

472

*Jaquith*, 189 So.2d 827 (Fla.App.1966); *Fairchild Realty Co. v. Spiegel*, 246 N.C. 458, 98 S.E.2d 871 (1957). The lessor is under no duty to seek out such information. In the absence of information concerning the proposed tenancy and the tenant, the lessor is justified in withholding consent. *Johnson v. Jaquith*, supra; *Fairchild Realty Co. v. Spiegel*, supra. *See Kroger Co. v. Rossford Industrial Corp.*, 25 Ohio Misc. 43, 261 N.E.2d 355 (Ct. Common Pleas Ohio 1969). *See also* Annotation 54 A.L.R.3d 679. Thus, appellants did not satisfy this requirement by telling appellees, "You have the address, find out for yourself." The questions contained in appellees' first letter were directed to relevant information which they were entitled to have. *American Book Co. v. Yeshiva University Development Foundation, Inc.*, 59 Misc.2d 31, 297 N.Y.S.2d 156 at 160 (1969).

In view of the interrelationship of appellants' arguments, the answer to the first issue also answers the second. Since appellees did not act unreasonably in withholding their consent, there could be no intentional interference with a prospective business relationship. Moreover, the gist of the tort of interfering with contractual relations is the inducement of a third party to breach a contract or not to enter a contract with the plaintiff. Restatement of Torts 2d, § 766. No facts appear to support this tort claim.

As for the cross-appeal, the lease agreement contained the following provision concerning attorney fees:

> "In case suit shall be brought for an unlawful detainer of said premises for the recovery of any rent due under the provisions of this lease, or because of the breach of any other covenant contained therein, on the part of lessee to be kept or performed, lessee shall pay to lessor a reasonable attorney's fees which shall be fixed by the court."

This controversy was not a suit for unlawful detainer, for the recovery of rent *or because of a breach of any provision of the* *lease* by the lessee. The trial court correctly denied appellees attorney fees.

Appellees argue, however, that if they are not entitled to fees under this lease provision, they are entitled to them under A.R.S. § 12–341.01, since this is an action arising out of a contract. An award of attorney fees under this statute is discretionary and we will abide by the decision of the trial court.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.