413 So.2d 1246 (1982)
Elizabeth Ann LIEBLER, Appellant,
v.
Robert F. LIEBLER, Appellee.
No. 81-376.
District Court of Appeal of Florida, Third District.
May 4, 1982.
Rehearing Denied June 9, 1982.
Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and John L. Zavertnik and Paul A. Louis, Miami, for appellant.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellee.
Before NESBITT, BASKIN and JORGENSON, JJ.
NESBITT, Judge.
The wife appeals the final judgment of dissolution of marriage contending: (a) that the trial court erred in awarding her rehabilitative alimony for eighteen months, instead of awarding permanent alimony; (b) that the child support in the amount of $300 per month per child was inadequate to provide for the remedial schooling of two of the couple's four minor children; and (c) that the trial court improperly denied her a *1247 one-half interest in common stock which she claims was the subject of a gift from her husband.
The husband cross-appeals contending that the trial court erred in awarding the husband's one-half interest in the marital home to the wife; or, in the alternative, by not requiring the wife to convey to him her one-half interest in a jointly owned rental home.
The husband is a fifty-four-year-old practicing dentist with a substantial earning capacity and pension funds or plans sufficient to provide for his future retirement. The wife, thirty-nine years old, is a high school graduate who worked briefly as an airline stewardess prior to this sixteen-year marriage. She also worked briefly after the marriage as a reservation clerk for an airline but retired from employment so that the couple could start a family by adopting a child. After the family was completed by the birth of three more children, the wife worked as an airline recruiter for a short period in the early 1970's. The wife has no other training or skills.
The parties jointly own a marital home valued at between $85,000 and $100,000, against which there is a $20,000 first mortgage. The rental home is valued at between $42,000 and $60,000 and is encumbered by a $24,000 mortgage. The husband owns an estimated $25,000 worth of common stock in a land investment corporation in the Florida Keys.
Two of the couple's four minor children have learning disabilities. There was uncontradicted evidence from a child psychologist, an educational counselor, and a teacher, also supported by the husband's own testimony, indicating the pointed need for remedial special education in varying degrees for these two children. Additionally, the husband expressed his desire that these children have such remedial attention.
Under Foss v. Foss, 392 So.2d 606, 607 (Fla. 3d DCA 1981) and Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981), the record will not support an award of rehabilitative alimony. The wife is a full-time mother with no marketable skills and no demonstrable employment possibilities. By the time her youngest children are no longer in need of her services, her ability to become employed will be further diminished. Since her marriage, her primary source of income has been her husband. Consequently, the judgment is reversed and remanded for the trial court to fix and determine an award of permanent alimony commensurate with the wife's needs and the husband's ability to provide.
The finding recited in the final judgment that there is no need for remedial education is contrary to the manifest weight of the evidence, Whitman v. Pet Incorporated, 335 So.2d 577, 579 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 951 (Fla. 1977); Dixson v. Kattel, 311 So.2d 827, 828 (Fla. 3d DCA 1975), and to the husband's laudable desire to assist the slightly handicapped children in becoming stronger academic achievers. The prime criteria by which to measure child support are the child's needs and the parents' ability to pay. Page v. Page, 371 So.2d 543, 544 (Fla. 3d DCA 1979); Davis v. Davis, 371 So.2d 591, 593 (Fla. 2d DCA 1979). A child's educational need is a factor to which the trial judge should give due regard. Bordman v. Bordman, 231 So.2d 543, 544 (Fla. 3d DCA 1970). Having erroneously concluded that two of the children had no special educational needs, the trial court here failed to give due regard to these needs when it formulated the child support decree. For this reason, the judgment is also reversed so that an evidentiary hearing may be held in order for the parties to present an educational program compatible with the youngsters' needs and the father's financial capabilities. This program of remedial education should be flexible, adaptable, and terminable within the discretionary and equitable powers accorded to the trial court. § 61.13(1), Fla. Stat. (1979).
As to the wife's claim of the gift of a one-half interest in stock in the land investment corporation, the husband asserts that such gift was incomplete for lack of delivery. We disagree. The husband's gift was memorialized in a letter dated October 3, 1976, which stated:

*1248 Dear Betty Ann
Verbally I have told you that I give you equal ownership in the share of property I bought ... in the keys.
This note puts into writing and acknowledges this to you that I give you 50% of my share in that property.
Bob Liebler
This correspondence was sufficient to complete the gift of stock, Tanner v. Robinson, 411 So.2d 240 (Fla. 3d DCA 1982), and the trial court must be reversed on this point as well.
In light of our decision that rehabilitative alimony should be converted to permanent alimony, that the child support award should have taken into account the special needs of two of the children, and that the husband did make a gift of stock to the wife, the trial court is empowered, on remand, to rework the division of marital property based on the considerations established by Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981); Colucci v. Colucci, supra.
Reversed and remanded.