# ROSNER and SIMON v ROSEMAN
## Case No. 85-120 AP
Eleventh Judicial Circuit, Appellate Division, Dade County

January 20, 1987

## APPEARANCES OF COUNSEL

Samuel Danziger, Goodhart & Rosner, P.A., for appellants.

Mark Roseman, pro se.

Before RIVKIND, SALMON, MASTOS, JJ.

## OPINION OF THE COURT

THEODORE G. MASTOS, Judge.

Appellants, David N. Rosner and Richard Simon, were the plaintiff/lessors in the proceeding below against Mark Roseman, the defendant/

lessee, on a claim for rent, termination fee and damages to the premises.

The Final Judgment, from which appeal arises, granted the lessors the amount of rent due and claimed but stated that all damages to the premises were "encompassed" within the early termination fee, thereby, effectively denying the lessor's claim for damages to the premises.

Paragraph 9 of Addendum II of the lease provided:

9. At any time more than Three (3) years after commencement date (as hereinafter defined), Lessee may terminate this lease by giving Lessor Ninety (90) days prior written notice and by paying $3,000.00 which will release Lessee of any further liability. Lessor may recover from Lessee for its early termination of the subject lease. Lessee shall be responsible for rent to date of vacation of premises. . .

The record in this case fails to manifest any evidence whatsoever that the termination fee set forth in Paragraph 9 of Addendum II was intended as a cover for damages to the premises. Instead, the plain language of Paragraph 9 of Addendum II coupled with the trial testimony contained in the record overwhelmingly points to only one conclusion—the $3,000.00 was strictly to relieve the lessee of his contractual obligation to pay rent in the event of an early termination of the lease. Damage to the premises does not enter into this paragraph of the lease in any manner whatsoever.

Accordingly, the plain terms of the lease should stand as to the separateness of the termination fee and the damages to the premises. *North Shore Realty Corp. v. Gallaher*, 114 So.2d 634 (Fla. 3d DCA 1959). Furthermore, where, as here, there is no substantial evidence to support the finding of the trial court that the damages are "consumed" within the termination fee, the judgment must be set aside. *Whitman v. Pet Inc.*, 335 So.2d 577 (Fla. 3d DCA 1976); *Holland v. Gross*, 89 So.2d 255 (Fla. 1956) and *Dixson v. Kattel*, 311 So.2d 827 (Fla. 3d DCA 1975).

On the question of damages, the record suggests that appellants incurred substantially more than the $1,700.00 found by the trial court. This necessitates a remand for a redetermination of the damage issue as the amount of damages found by the trial court is inconsistent with the lease terms and testimony. See *Whitman v. Pet Inc.*, supra and *Dixson v. Kattel*, supra.

Accordingly, the judgment appealed from is hereby reversed and remanded for redetermination of damages exclusive and separate from the termination fee of $3,000.00.