505 So.2d 546 (1987)
Renee J. BIELECKI, Appellant,
v.
Adam J. BIELECKI, Jr., Appellee.
No. 86-2087.
District Court of Appeal of Florida, Third District.
April 7, 1987.
Rehearing Denied May 12, 1987.
Michael A. Bienstock, Miami, for appellant.
David R. Weissman, Miami, for appellee.
Before HENDRY and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Three of the several issues raised by the ex-wife in this appeal from a judgment dissolving a nine-year marriage have merit and require a partial reversal: (1) the ex-husband is not entitled to a special equity in marital properties, (2) the award of support is less than the children's needs and the ex-husband's ability to pay, and (3) the court should have adjudicated the interests of the parties in all the real properties.
For several years, from 1974 to 1981, the ex-husband worked in a family business owned by his father. During this time he made as much as $22,079 per year and his annual salary averaged $17,867. At one time during the term of his employment with the family company, he was its vice-president. He left that employ and went to work for Resources Recovery, Inc. where he earned approximately $30,000 per year. When his employment with that company ended in January of 1985, he returned to employment in the family business which was then owned by his mother and uncle. In a financial affidavit dated September 26, 1985, he listed his occupation as "warehouse stock clerk" and his weekly net wages as $185.74. In another financial affidavit dated May 22, 1986, he listed his occupation as "assistant yard supervisor" with weekly net wages of $245.42 ($300 gross). He states that his annual salary is now $15,600. The family business also owes him a balance of $20,000 from an account (which had a high balance of $50,000), described as "undistributed profits." These profits, paid out at $500 per month, bring the ex-husband's monthly gross income to $1,700.
During the course of the marriage the parties owned three parcels of land described as the "Duncan property," the "rental property" and the "Last Resort Fish Camp." The "rental property" is a former marital home of the couple which is now occupied by the ex-husband. The "Last Resort Fish Camp," although in the *547 sole name of the ex-husband, was purchased during the marriage.
The $35,000 down payment for the "Duncan property" came from a joint account accumulated by the parties during the marriage. Less than one-half of the funds in that account were from the exhusband's pension and a substantial portion of the remainder of the funds were derived from the ex-wife's income. No pleading or proof of a special equity was directed to the "rental property."
The function of an appellate court is to decide whether the judgment of trial court is supported by competent evidence. Koeppel v. Koeppel, 351 So.2d 766 (Fla. 3d DCA 1977). On the first issue we hold that the award to the ex-husband of $10,000 in special equity in two parcels of land owned by the parties was without any support in the record. On the second issue we hold that the award of $150 per month for the support of four children bears no relationship to the needs of the four children or the ex-husband's ability to pay. See, Liebler v. Liebler, 413 So.2d 1246 (Fla. 3d DCA 1982) (prime criteria by which to measure child support are the child's needs and the parents' ability to pay). On the third point we hold that the trial court should have made a disposition as to a third parcel of property in which the ex-wife claimed an interest.
In Maddux v. Maddux, 495 So.2d 863, 864 (Fla. 4th DCA 1986), it was held that where the ex-husband has an ability to earn more if he so desires, the court
may impute an income to the husband according to what he could earn by the use of his best efforts to gain employment equal to his capabilities, and on that basis enter an award of alimony [and child support] as if the husband were in fact earning the income so imputed.
The record in the present case demonstrates clearly that Mr. Bielecki is not using his "best efforts to gain employment equal to his capabilities."
Mrs. Bielecki argues convincingly that the deferred profits arrangement is a scheme by her former husband to conceal part of his income. We agree that the trial court should have taken into consideration the $500 per month received by the ex-husband as deferred profits when it determined his ability to pay support.
Although the parcel of land described as the "Last Resort Fish Camp" is in the sole name of Mr. Bielecki, and is the subject of extensive litigation, Mrs. Bielecki is entitled to a declaration by the court as to her interest, whatever it may be, based on the evidence which was presented.
Reversed and remanded with instructions to increase child support payments based on the ex-husband's ability to earn using his best efforts, which should be no less than $400 per month. The $10,000 special equity award to the ex-husband in the "Duncan property" and "rental property" is also reversed, and the trial court is directed to adjudicate the interests of the parties in the "Last Resort Fish Camp" property.