PER CURIAM.
This memorandum opinion is addressed to the final judgment in a landlord-tenant suit. It concerned certain store premises. Possession was awarded to the landlord because of defaults in the lease.
There are several facets:
(1) The trial court correctly interpreted the ambiguous lease provisions concerning the responsibility for the payment of certain tax.
(2) The tenant’s failure to pay such tax increases, standing alone and in light of the circumstances and equitable considerations, was not sufficient as to warrant forfeiture.
(3) The dispositive basis for affirming the trial court judgment is found in the following facts. By terms of the lease lessee agreed not to assign it without the written consent of the lessor. Further, it was provided that the acceptance of rent from any other person would not be deemed to be a waiver of any of the provisions of the lease or to be a consent to the assignment of the lease. Regardless of these limitations, and as the trial court specifically found, there was an assignment to the current tenants. Such assignment was not consented to by the lessors and the lessors, in law, never accepted the current tenants as such. Because of this particular circumstance, the breach of the lease, the trial court was warranted in awarding possession to the lessors. See, Geiger Mutual Agency, Inc. v. Wright, 233 So.2d 444 (4th D.C.A.Fla.1970).
By reason of Paragraph 3 above, it is our opinion that there is no basis for reversal. Thus, the appealed judgment is
Affirmed.
WALDEN and DOWNEY, JJ., and JOHNSON, WILLIAM CLAYTON, Associate Judge, concur.