315 So.2d 536 (1975)
Carl A. PAUL, Appellant,
v.
A.B. HURLEY et al., Appellees.
No. 74-478.
District Court of Appeal of Florida, Fourth District.
July 11, 1975.
Patrick O'Neal and James W. Geiger of Devitt, Geiger, O'Neal & Booth, Fort Lauderdale, for appellant.
Gary I. Zwickel and Fred Hollingsworth of Sales & Christiansen, Palm Beach, for appellees, A.B. Hurley and Faye Y. Hurley.
WALDEN, Judge.
This appeal is brought by Carl Paul from an adverse judgment in a suit for an accounting.
Historically, Carl Paul and A.B. Hurley created a fifty-fifty partnership between them in P & H Seawall. The partnership business was the construction of seawalls. Some difficulties were encountered and as a consequence a successor Limited Partnership was created with the following interests:

 Carl Paul 1%
 A.B. Hurley 1%
 Robert E. Rogers 1%
 Faye Y. Hurley (sister in law of A.B. Hurley) 97%

The limited partnership was called P & H Seawall and Piling, Ltd. As their contribution, Carl Paul and A.B. Hurley provided certain machinery and services. As her contribution, Faye Hurley put $6,000 into the partnership. She was the only one to contribute money. Thereafter she loaned the partnership $9,000; $10,000 and $30,000, making her total cash outgo $55,000.
The partnership did substantial business and there was a cash flow in excess of $200,000 over a period of two years.
According to the testimony of all concerned, there was an agreement between *537 the parties to this limited partnership that, upon repayment to Faye Hurley of her loans and cash investment totaling $55,000, the 97% interest would be conveyed back to Carl Paul and A.B. Hurley, thereby resulting in a return of the partnership to its basic original form. In fact, Faye Hurley executed an assignment to them and placed it in escrow with her bookkeeper, pending the performance of the conditions.
Carl Paul brought suit for an accounting and there was a counterclaim and other proceedings. At the completion of the trial the trial court found:
(1) That Carl A. Paul and A.B. Hurley entered into a fifty-fifty partnership under the name of P & H Seawall & Piling on January 12, 1972, with a net worth of $3,000.00.
(2) That P & H Seawall & Piling became heavily indebted and a new agreement was entered into with Carl A. Paul owning one percent and Faye Y. Hurley, as limited partner, 97%.
(3) That Faye Y. Hurley put in $6,000.00 capital and subsequently more.
(4) That the limited partnership agreement was a valid agreement.
(5) The court made a finding that the limited partnership made improper disbursements in the sum of approximately $100,000.00 to various corporations.
(6) That in view of the improper disbursements of $100,000.00, $50,000.00 of that was owed to Faye Hurley, leaving $50,000.00 in the partnership (plus accounts receivable, cash and machinery).
(7) That the assignment of Faye Y. Hurley of her 97% interest to A.B. Hurley and Carl A. Paul was not delivered, and was "inoperable."
(8) The partnership should be dissolved with Faye Y. Hurley getting 97%, A.B. Hurley 1%, Robert Rogers 1% and Carl Paul 1%, of all partnership assets.
We find error and reverse as to the finding that the assignment by Faye Hurley was inoperative. This is based on the fact that the actions and conduct of Faye Hurley hindered and prevented Carl Paul and A.B. Hurley from performing the condition precedent to her granting the assignment. The partnership funds were improperly used by Faye Hurley to deplete the capital and assets of P & H. This was done to profit certain other corporations owned by Faye Hurley and her husband, Ray Hurley. As just one example, the partnership was charged for rent, telephone, xerox, office personnel and management fees in the amount of $3,000 per month by Vista Realty, Inc., a corporation in which Faye Hurley was a majority stockholder. However, the limited partnership had no office lease nor any office employees. There was only a building renting for $300.00 a month that housed all the Hurley concerns (Vista Development Corp., Vista Builders, Inc., Vista Community Builders, Inc., Vista Realty, Inc., Vista Service Co., Inc., and Casa Development Corp.).
The inability of P & H Seawall and Piling to repay Faye Hurley was a direct result of her improper actions in draining the partnership capital to her own selfish advantage. Faye Hurley became liable for the assignment as soon as the limited partnership had sufficient funds to repay her investment. Indicative of the fact that she should be promptly repaid, the limited partnership provided:
"14. REPAYMENT OF CAPITAL:

"Distribution of funds shall be made from time to time as rapidly as working capital permits. There shall be returned to the Limited Partners, prior to any repayment of capital to the General Partners or to the distribution of profits, the full capital contributions made by the Limited Partner(s) to the limited partnership. *538 Thereafter, the capital, if any, of the General Partners shall be repaid to them, and subsequently the profits, if any, of the limited partnership shall be distributed... ." (Emphasis supplied.)
We find that, except for the conduct of Faye Hurley, P & H had at some point in time prior to the filing of suit adequate resources to reimburse Faye Hurley, per agreement, thereby entitling Carl Paul and A.B. Hurley to delivery of the assignment.
To put it another way, Carl Paul and A.B. Hurley were entitled to delivery of the assignment as soon as the improper disbursements of the partnership capital totaled $55,000, because these are funds which should have been used in contemplation of the parties to repay Faye Hurley.
Carl Paul and A.B. Hurley can be excused for the failure of P & H Seawall to pay these funds to Faye Hurley because it was prevented by her (and her adviser-husband, Ray Hurley) from performing. The basic premise for our decision is the principle found in 7 Fla.Jur., Contracts, § 145 (1956):
"Where a party contracts for another to do a certain thing, he thereby impliedly promises that he will do nothing which will hinder or obstruct that other in doing the agreed thing."
7 Fla.Jur., Contracts § 148 (1956); 5 Williston on Contracts, Excuses for Non-Performance, §§ 676, 677 (1961); Casale v. Carrigan and Boland, Inc., 288 So.2d 299 (4th DCA Fla. 1974).
If the assignment had been delivered, the interests held by Carl Paul and A.B. Hurley would have been 49 1/2% each (with 1% still held by Robert E. Rogers).
Going on, the trial court has found that $100,000 was improperly disbursed. However, there has been no detailed and specific accounting made of the partnership assets, income and disbursements to support this finding.
It is impossible with the state of the record for us to adjudicate the issues and bring finality. We respectfully remand for a new trial in accordance with the views here expressed and these instructions:
(1) A determination should be made as to when the assignment should have been delivered by Faye Hurley;
(2) Based upon that decision there should be an accounting as to the entitlement of the parties to the partnership assets.
Reversed and remanded with directions.
OWEN, C.J., and MORIARITY, W. HERBERT, Associate Judge, concur.