BOOTH, Judge.
This cause is before us on appeal from the final judgment of the Circuit Court, Marion County, cancelling the contract between the parties and denying certain commissions.
Suit was brought by J. B. and Rosemary Devine [Devines], appellees herein, against the corporate defendant, Good Shepard Memorial Gardens, and the individual defendants, Herman and Cressie Spencer [Spenc-ers] who are president and secretary/treasurer of the corporation, respectively. The complaint alleges that the Devines were employed by the corporation to sell cemetery lots on a commission basis; that they faithfully performed their duties but that the corporation was indebted to them for commissions earned during the period of employment. The complaint further seeks to enforce a written stock purchase agreement between the Spencers and Devines, whereby the Devines paid $4,000 to the Spencers as down-payment on 400 shares of *23 stock in the corporation and were to receive the stock certificates evidencing ownership. The complaint alleges the Devines performed in accordance with the terms of the agreement but the Spencers failed and refused to deliver the stock.
The Spencers answered asserting, by way of affirmative defense, that the agreement between the parties contemplated that the outstanding indebtedness owed by the Spencers to one Martin Berry be paid before any of the shares of the corporation would be delivered to the Devines. Berry was the party who, in 1975, sold 1,000 shares of stock in the corporation to the Spencers and who was still owed a balance on the $375,000 purchase price, secured by a pledge of the stock.
The case was tried before the court without a jury. At the conclusion of the plaintiffs’ case, the defendant Spencers moved for a directed verdict. The court then announced a recess during which the parties reached an agreement as to the thirty percent sales commissions and stipulated to $1,000 as a “full liquidation figure” of those commissions owing the Devines. When the hearing resumed, the court unexpectedly announced that the contract was vague and indefinite and that he was going to hold the stock purchase agreement void and also deny the four percent commission. The court did not rule on defendant’s outstanding motion for directed verdict and defendants were given no opportunity to present their case.
The final judgment holds that the agreement between the parties was “so vague and ambiguous that no meeting of the minds ever existed” and the agreement was void ab initio. The court ordered the Spencers to return to the Devines the $4,000 paid for the purchase of the stock and disallowed the four percent “override”' commission claimed by the Devines from the defendant Good Shepard Memorial Gardens. The $1,000 stipulated to as the balance due the Devines on the thirty percent sales commissions was allowed in the judgment.
On appeal, the Spencers point out that the suit was one for breach of contract and that the order of the trial court rescinding or cancelling the contract was outside the issues framed by the pleadings. We agree. Neither side requested cancellation or rescission of the stock purchase agreement. The court’s announcement of its ruling on the contract came at the close of plaintiffs’ case and was both outside the issues framed by the pleadings and premature. Defendants were entitled to have the court rule on their motion for directed verdict and, if that motion was denied, to proceed with the presentation of their case. Appellees’ contention that appellants should have objected to the court’s announcement of its ruling is without merit. Counsel is not expected, much less required, to argue with the court once it has announced its decision. The distinction is between argument to the court, which is proper advocacy, and argument with the court after it has announced a ruling, which is improper.
Appellees Devine have cross-assigned as error the trial court’s ruling that the invalidity of the stock purchase contract with the Spencers precludes, as a matter of law, the Devines’ claim against the corporate defendant for the commissions not covered by the stipulation. We agree that the record does not establish a basis for the court’s ruling on this point.
Accordingly, the judgment below is REVERSED and the cause REMANDED for further proceedings consistent herewith.
SMITH, Acting C. J., and MELVIN, J., concur.