PETER ABLONDI *vs.* GEORGE E. CHASE & others (and a companion case[1]). January 9, 1981. By agreement of the parties, the trial judge heard and made findings and rulings "in all non-jury matters . . . at the same time a jury considered" the multicount complaint of Jerome K. Chase, John T. Copeland and George E. Chase ("Lessees").

1. There was no error in the direction of verdicts in favor of Ablondi ("Lessor") on the counts alleging deceit, breach of express warranty and breach of contract. Viewing the evidence and rational inferences in the light most favorable to the Lessees (see *Chase* v. *Roy,* 363 Mass. 402, 404 [1973]), we have found no evidence that the Lessees relied on any representation of the Lessor before they signed the lease. Actionable deceit would require proof of reliance by the Lessees. *Butler* v. *Martin,* 247 Mass. 169, 173 (1923). The Lessees knew precisely what business they could conduct before they signed the lease because they had received special permits after two separate hearings before the board of appeals with assorted restrictions attached to the permits. For this same reason, the claim of breach of warranty must fall. The special permits that issued before the Lessees signed the lease which includes the warranty relied on (Section 1.02) allowed the operation of an automobile agency. No governmental action subsequent to the lease's execution amounted to a breach of the warranty of appropriate zoning and compliance. Finally, there was no evidence of the Lessor's unreasonable refusal to consent to a sublease, or of his disinclination to cooperate in securing permits in violation of Section 5.01 of the lease.

2. The judge's action in ruling adversely to the Lessees' count for recovery under G. L. c. 93A was correct. Though the landlord-tenant relationship is not beyond the reach of consumer law (see *York* v. *Sullivan,* 369 Mass. 157, 159-161 [1975]), this record is entirely silent as to a violation of this statute. The judge made no finding that application of the Hatch Act (G. L. c. 131, § 40) to the demised premises may have influenced the Lessees to execute the lease.

3. The only issue which the judge heard as "non-jury matters" was the appeal from the summary process judgment in favor of the Lessor. G. L. c. 231, § 97. G. L. c. 239, § 3. The Lessees, the defendants therein, filed a claim of trial by jury, but they have argued their appeal as if they

---

[1] Jerome K. Chase & others *vs.* Peter Ablondi.

had waived this jury claim. In any event, there is no merit to their attack on the judge's findings.

4. There was no error in the denial of the Lessees' "[M]otion for New Trial or To Amend Findings and Judgment." The judge complied with Mass.R.Civ.P. 52(a), 365 Mass. 816-817 (1974), in "find[ing] the facts specially and stat[ing] separately [his] conclusions of law." He was not required to rule on requests for findings of fact. *Ashapa* v. *Reed*, 280 Mass. 514, 516 (1932). The judge committed no error in refusing to allow the three requests for rulings of law because each request was predicated on a version of the evidence which the judge was not bound to accept as true. See *Franklin Park Lumber Co.* v. *Huie-Hodge Lumber Co.*, 246 Mass. 157, 158 (1923). "Nor do we find error in the refusals to rule as requested, the requests being based upon assumed facts which the judge was not required to find." *Stein* v. *Almeder*, 253 Mass. 200, 205 (1925). In short, the Lessees have failed to carry the burden which was theirs of demonstrating that the judge abused his discretion in denying the motion. *Loschi* v. *Massachusetts Port Authy.*, 361 Mass. 714, 715 (1972).

5. A suggestion of Ablondi's death on June 24, 1980, was filed, and arguments have been advanced as to the survival and mootness of various counts of the complaint in the cross action. The death occurred long after judgment had been entered and the instant appeal perfected. In view of our affirming the judgments in favor of Ablondi, there is no reason for deciding the survival, vel non, of the various counts. Cf. *DesLauries* v. *Shea*, 300 Mass. 30, 40 (1938).

> *Order denying motion for*
> *new trial affirmed.*
> *Judgments affirmed.*

*Philipp G. Grefe* for George E. Chase & others.
*Ralph T. Lepore, III*, for Peter W. Ablondi.