396 So.2d 827 (1981)
Dale M. BODEN and Barbara A. Boden, Appellants,
v.
ATLANTIC FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellee.
No. 80-1459.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
*828 James A. Thomas, Miami, for appellants.
Robert N. Fryer, Jr. and Gerald Morris of Saunders, Curtis, Ginestra & Gore, Fort Lauderdale, for appellee.
MOORE, Judge.
The Bodens, purchasers of a home improvement, appeal from a final summary judgment holding that Atlantic Federal Savings and Loan Association, the assignee of a home improvement installment contract, cannot be held liable for breach of the home improvement construction contract.
The home improvement contract was for the purchase and construction of a swimming pool. The Bodens and the pool company entered into a home improvement installment contract for financing the pool construction. Atlantic Federal Savings and Loan Association, the intended assignee of the contract, supplied the form for the installment contract which contained the following "notice provision" in bold face type:
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
On the reverse side of that page, however, the contract contained the following contradictory language:
Contractor may assign this contract. Buyer agrees that acceptance by an assignee of an assignment of this contract shall not impose upon assignee any obligation or any liability for breach of this contract.
*829 The pool company executed the home improvement installment contract's preprinted assignment to the savings and loan association which accepted the assignment and collected installments as they became due.
After the pool was built, the buyers signed a completion certificate. The certificate stated that the pool company had satisfactorily completed the work and that the buyers understood that the financial institution did not guarantee the workmanship. It also authorized the savings and loan association to release funds to the contractor.
The buyers subsequently discovered that the pool failed to conform to depth specifications. They sued the savings and loan association seeking "voiding of the contract" and "restitution of all money paid to defendant." The buyers moved for partial summary judgment on the issue of whether the savings and loan association, as assignee of the home improvement installment contract, could be held liable to the buyers if a breach of contract is proved. The buyers' motion was based on the notice provision subjecting the holder of the home improvement installment contract to all claims which the buyer could assert against the seller. The savings and loan association then moved for summary final judgment.
The court granted summary judgment in favor of the savings and loan association, relying on the "Home Improvement Sales and Finance Act," Section 520.60 et seq., Florida Statutes (1979). This act provides that:
No right of action or defense arising out of the transaction which gave rise to the home improvement contract which the buyer has against the home improvement contractor and which would be cut off by assignment shall be cut off by assignment of the contract to any third person, whether or not he acquired the contract in good faith and for value. § 520.88(4), Fla. Stat. (1979).
Savings and loan associations, however, are exempt from this provision. § 520.992, Fla. Stat. (1979). The trial court cited this exemption provision as the basis of the summary judgment.
We find that the trial court erred. The exemption provision does not preclude a savings and loan association from voluntarily subjecting itself to liability by the terms of the home improvement installment contract. We, therefore, must resolve the ambiguity resulting from the conflicting terms on the front and reverse side of the contract.
Application of the common law rules of contract construction provides that the notice provision on the front side of the contract controls over the conflicting provision on the reverse side. Where two clauses of an agreement are repugnant and cannot stand together, the first shall be received and the latter rejected. Florida Power Corporation v. City of Tallahassee, 154 Fla. 638, 18 So.2d 671 (1944). Furthermore, Atlantic Federal Savings and Loan Association supplied the form for the contract. Consequently, any ambiguity should be construed against the association which chose the language. McGhee Interests v. Alexander National Bank, 102 Fla. 140, 135 So. 545 (Fla. 1931). Thus, Atlantic Federal has subjected itself to the bold face "notice provision" notwithstanding the statutory exemption and can be liable to appellants if a breach of contract is proved. Summary judgment, therefore, was entered improperly.
We have also considered the association's argument that the buyer's execution of the completion certificate released it from any liability to the buyers. We do not rule on this point because the elements of a release were not properly developed for consideration on a motion for summary judgment.
The summary judgment is reversed and this cause is remanded for further proceedings consistent herewith.
HURLEY, J., and G. KENDALL SHARP, Associate Judge, concur.