397 So.2d 1171 (1981)
Jose A. FERNANDEZ and Hialeah Bakery, Inc., Appellants,
v.
Oscar VAZQUEZ and Filiberto Portales D/B/a Job Development, Appellees.
No. 80-1451.
District Court of Appeal of Florida, Third District.
April 28, 1981.
Arango & Galarraga and Jorge Sanchez-Galarraga, Coral Gables, for appellants.
Taylor, Brion, Buker & Greene and Arnaldo Velez and Maria C. Arriola Velez, Miami, for appellees.
Before HENDRY, SCHWARTZ and FERGUSON, JJ.
FERGUSON, Judge.
Lessees, Jose Fernandez and Hialeah Bakery, Inc., appeal from an order of summary judgment dismissing their counterclaim against lessors, Oscar Vazquez and Filiberto Portales, doing business as Job Development. The issue on appeal is whether a lessor may arbitrarily refuse consent to an assignment of a lease which provides that the lessee shall not assign or sublease the premises without written consent of the lessor. We have been unable to find any case in Florida where this issue has been squarely presented to the court. The very able trial judge granted the summary judgment based on what the state of the law was assumed to be.[1]
*1172 On March 1, 1976, Fernandez and Hialeah Bakery entered into a five-year business lease with Leonard and Shirley Groh, then the owners of the property. Paragraph one of the lease provides that the lessee shall not assign the lease, nor sublet the premises without the written consent of the lessor.
On July 27, 1978, Vazquez and Portales purchased the property from the Grohs and became the new lessors. On July 17, 1978, lessees Fernandez and Hialeah Bakery entered into a written contract to sell the bakery shop to Rubin Gonzalez, a defendant below. Lessors refused to consent to this assignment. Subsequently, on August 21, 1978, Vazquez and Portales offered to approve Gonzalez under a new lease if he would pay an additional rent of $250 a month. Since Gonzalez was not interested in acquiring the business under the increased rent and since Vazquez and Portales would not otherwise consent to the assignment, the purchase and sale contract between Gonzalez and lessees was rescinded. Hialeah Bakery remained in possession of the premises.
On August 30, 1978, Vazquez and Portales filed suit against Fernandez and Hialeah Bakery seeking to cancel the lease for untimely payment of the August 1978 rent installment and to evict Fernandez, Hialeah Bakery, and Gonzalez from the premises. Fernandez and Hialeah Bakery counterclaimed alleging lessors breached the lease agreement by refusing to consent to the assignment. Vazquez and Portales filed a motion for summary judgment as to the counterclaim, which was granted by the trial judge.
The law generally favors free alienation of property and under common law a tenant has the right to assign his leasehold interest without the consent of the lessor. See Frissell v. Nichols, 94 Fla. 403, 114 So. 431 (1927); 3A R. Thompson, Real Property, § 1200 (J. Grimes, 1981). In order to protect the landlord from this common law right of assignment, many leases expressly provide that the property cannot be assigned without the written consent of the landlord. A decreasing majority of jurisdictions hold that when such written consent is required, a landlord may arbitrarily and capriciously refuse to approve a subtenant or assignee.[2]See B & R Oil Co., Inc. v. Ray's Mobile Homes, Inc., 422 A.2d 1267 (Vt. 1980); Carleno v. Vollmert Tire Co., 36 Colo. App. 446, 540 P.2d 1149 (1975); Segre v. Ring, 103 N.H. 278, 170 A.2d 265 (1961); Grumen v. Investor's Diversified Services, 247 Minn. 502, 78 N.W.2d 377 (1956).[3] See *1173 also 49 Am.Jur.2d, Landlord and Tenant, § 423; 51C C.J.S., Landlord and Tenant § 36(1); Annot. 31 A.L.R.2d 821 (1953).
The arbitrary and capricious rule is undergoing continued erosion. An increasing number of jurisdictions hold that when a lease requires written consent prior to assignment or subleasing, but does not contain any language limiting the withholding of that consent, such consent may not be arbitrarily or unreasonably refused. Homa-Goff Interiors, Inc. v. Cowden, 350 So.2d 1035 (Ala. 1977); Arrington v. Walter E. Heller International Corp., 30 Ill. App.3d 631, 333 N.E.2d 50 (1975); Shaker Building Co. v. Federal Lime and Stone Co., 28 Ohio Misc. 246, 277 N.E.2d 584 (1971). See Sommer v. Kridel, 74 N.J. 446, 378 A.2d 767 (N.J. 1977) (residential lease requiring written consent of landlord), holding that a landlord has the duty to mitigate damages. At least three states, Alaska,[4] Delaware,[5] and New York,[6] have prohibited a landlord from arbitrarily refusing consent in cases involving residential leases. See also Restatement (Second) Property, Landlord and Tenant, § 15.12 (1977); Weissenberger, "The Landlord's Duty to Mitigate Damages on the Tenant's Abandonment: A Survey of Old Law and New Trends," 53 Temp.L.Q. 1 (1980).
Underlying the cases abolishing the arbitrary and capricious rule is the now well-accepted concept that a lease is a contract[7] and, as such, should be governed by *1174 the general contract principles of good faith and commercial reasonableness. One established contract principle is that a party's good faith cooperation is an implied condition precedent to performance of a contract. Where that cooperation is unreasonably withheld, the recalcitrant party is estopped from availing herself of her own wrongdoing. Dade County v. O.K. Auto Parts of Miami, Inc., 360 So.2d 441 (Fla.3d DCA 1978), cert. denied, 379 So.2d 207 (Fla., 1979). See also Zim v. Western Publishing Co., 573 F.2d 1318, 1324 (5th Cir.1978); Knowles v. Henderson, 156 Fla. 31, 22 So.2d 384 (1945); Hart v. Pierce, 98 Fla. 1087, 125 So. 243 (1929); Paul v. Hurley, 315 So.2d 536 (Fla. 4th DCA 1975); Casale v. Carrigan and Boland, Inc., 288 So.2d 299 (Fla. 4th DCA 1974); 3 A. Corbin, Contracts, §§ 767, 768 (1960); 5 Williston Contracts, §§ 676, 677 (3d ed. Jaeger 1972).
Where a lessee is entitled to sublet under common law, but has agreed to limit that right by first acquiring the consent of the landlord, we believe the lessee has a right to expect that consent will not be unreasonably withheld. We cite with approval the rationale of the courts in Homa-Goff, supra 350 So.2d at 1038 and Arrington, supra 30 Ill. App.3d 631, 333 N.E.2d at 58:
Where the lease merely contains a provision  without more  granting a person, normally a landlord, the power to withhold consent, regardless of whether explicitly qualified to reasonable exercises of the power ... the courts have held the person's refusal to consent to a person acceptable by reasonable commercial standards to be an unreasonable exercise and thus violative of the lease.
Accordingly, we hold that a lessor may not arbitrarily refuse consent to an assignment of a commercial lease which provides, even without limiting language, that a lessee shall not assign or sublease the premises without the written consent of the lessor.[8] A withholding of consent to assign a lease, which fails the tests for good faith and commercial reasonableness, constitutes a breach of the lease agreement. Whether a landlord breached the lease by acting unreasonably in withholding consent of a commercial tenant is to be determined by a jury according to the facts of that case. The following factors are among those which a jury may properly consider in applying the standards of good faith and commercial reasonableness: (a) financial responsibility of the proposed subtenant (b) the "identity" or "business character" of the subtenant, i.e., suitability for the particular building, (c) the need for alteration of the premises, (d) the legality of the proposed use, and (e) the nature of the occupancy, i.e., office, factory, clinic, etc.; See Popovic v. Florida Mechanical Contractors, supra, Whitman v. Pet Inc., supra, American Book Co. v. Yeshiva University, Development Foundation, Inc., 59 Misc.2d 31, 297 N.Y.S.2d 156 (1969); Johnson v. Jaquith, supra. Denying consent solely on the basis of personal taste, convenience or sensibility or in order that the landlord may charge a higher rent than originally contracted for have been held arbitrary reasons failing the tests of good faith and reasonableness under commercial leases. Catalina Inc. v. Biscayne Northeast Corp., supra; Chanslor  Western Oil & Development Co. v. Metropolitan Sanitary District, 131 Ill. App.2d 527, 266 N.E.2d 405 (1970), citing Broad and Branford Place Corp. v. J.J. Hockenjos Co., 132 N.J.L. 229, 39 A.2d 80, 82 (1944).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] See Lane v. Floridus Enterprises, Inc., 391 So.2d 270 (Fla. 4th DCA 1980), Glickstein, J., dissenting. "Whether the conduct of the lessor's representative was reasonable is not an issue because in my judgment when a lease requires the consent of the lessor to any assignment and the lease does not contain limiting language requiring a reasonable withholding thereof, the lessor may refuse or decline to give such consent for any or no reason." Id. at 272.

See also Tallahassee Mall, Inc. v. Rogers, 352 So.2d 1272 (Fla. 1st DCA 1977). The primary issue is whether appellant unreasonably withheld consent. There is no indication in the opinion if the lease contained language limiting the refusal.
[2] The arbitrary and capricious rule does not apply where (a) the lease specifically provides that consent may not be unreasonably withheld, Popovic v. Florida Mechanical Contractors, Inc., 358 So.2d 880 (Fla.2d DCA 1978); Whitman v. Pet Inc., 335 So.2d 577 (Fla.3d DCA 1976); Catalina, Inc. v. Biscayne Northeast Corp. of Florida, 296 So.2d 580 (Fla.3d DCA 1974); Johnson v. Jaquith, 189 So.2d 827 (Fla.4th DCA 1966); or (b) the lessor has waived the right to withhold consent by accepting benefits, Crossman v. Fountainebleau Hotel Corp., 273 F.2d 720 (5th Cir.1959); Barber v. Hatch, 380 So.2d 536 (Fla.5th DCA 1980); Gould v. Ruzakowski, 345 So.2d 842 (Fla.3d DCA 1977); Leeds Shoes, Inc. v. Wally, 309 So.2d 249 (Fla.4th DCA 1975); Tollius v. Dutch Inns of America, Inc., 244 So.2d 467 (Fla.3d DCA 1970). See Annot. 54 A.L.R.3d 679 (1973).
[3] The court in Grumen, supra, lists the following nineteen jurisdictions as permitting arbitrary refusal: District of Columbia, Alabama, Arkansas, California, Connecticut, Delaware, Florida, Illinois, Indiana, Kentucky, Louisiana, Maine, Massachusetts, Missouri, Nebraska, New Jersey, New York, Ohio, Pennsylvania, and Texas. Since this case was decided, at least five of the states (Alabama, Illinois, New Jersey, New York and Ohio) have changed their laws. Massachusetts remains with the majority but not without protest. See Granite Trust Building Corp. v. Great Atlantic & Pacific Tea Co., 36 F. Supp. 77, 78 (D.C. Mass. 1940) ("It would seem to be the better law that when a lease restricts a lessee's rights by requiring consent before these rights can be exercised, it must have been in the contemplation of the parties that the lessor be required to give some reason for withholding consent); Edmands v. Rust & Richardson Drug Co., 191 Mass. 123, 77 N.E. 713 (1906) (landlord may not hold tenant responsible for damages if he refuses to accept financially responsible tenant); Ablondi v. Chase, ___ Mass. App. ___, 414 N.E.2d 617 (1981) (but lease may contain limiting language). The Florida case cited in Grumen, supra, does not necessarily support this position. See Williams v. Aeroland Oil Co., 155 Fla. 114, 20 So.2d 346 (1944).
[4] Alaska Statutes, Section 34.030.060 (1975):

(b) The tenant's right to sublease his premises or assign the rental agreement to another shall be conditioned on obtaining the landlord's consent, which may be withheld only upon the grounds specified in (d) of this section; no further restrictions on sublease or assignment are enforceable...
(d) With 14 days after the written offer has been delivered to the landlord, the landlord may refuse consent to a sublease or assignment by a written rejection signed and delivered by him to the tenant, containing one or more of the following reasonable grounds for rejecting the prospective occupant:
(1) insufficient credit standing or financial responsibility;
(2) number of persons in the household;
(3) number of persons under 18 years of age in the household;
(4) unwillingness of the prospective occupant to assume the same terms as are included in the existing rental agreement;
(5) proposed maintenance of pets;
(6) proposed commercial activity; or
(7) written information signed by a previous landlord, which shall accompany the rejection, setting out abuses of other premises occupied by the prospective occupant.
[5] Delaware Code Annotated Tit. 25, § 5512(b) (1974):

The rental agreement may restrict the tenant's right to assign the rental agreement in any manner. The tenant's right to sublease the premises may be conditioned on obtaining the landlord's consent, which shall not be unreasonably withheld. No consideration of race, creed, sex, marital status, religion, political opinion, or affiliation or national origin may be relied on by the landlord as reasonable grounds for rejection.
[6] New York Real Property § 226-b (49 McKinney's Supp. 1980-81);

1. A tenant renting a residence in a dwelling having four or more residential units shall have the right to sublease or assign his premises, subject to the written consent of the landlord given in advance of the sublease or assignment. Such consent shall not be unreasonably withheld. If the landlord unreasonably withholds consent for such sublease or assignment, the landlord must release the tenant from the lease upon request of the tenant.
[7] For other jurisdictions, see 2 R. Powell, Real Property § 221[1] (Rohan ed. 1977); 3 R. Thompson, Real Property, § 1110 (J. Grimes 1980); Javins v. First National Realty Co., 428 F.2d 1071 (D.C. Cir.1970), cert. denied, 400 U.S. 925, 91 S.Ct. 186, 27 L.Ed.2d 185 (1970); Sommer v. Kridel, supra, Parkwood Realty Co. v. Marcano, 77 Misc.2d 690, 353 N.Y.S.2d 623 (1974); 57 E. 54 Realty Corp. v. Gay Nineties Realty Corp., 71 Misc.2d 353, 335 N.Y.S.2d 872 (App.Div. 1972); Lemle v. Breeden, 51 Haw. 426, 462 P.2d 470 (1969); Wright v. Baumann, 239 Or. 410, 398 P.2d 119 (1965). For Florida see, R. Boyer, 2 Florida Real Estate Transactions, §§ 35.01-02 (1980); Uniform Residential Landlord and Tenant Act, § 83.44, Fla. Stat. (1979), Butler v. Maney, 146 Fla. 33, 36, 200 So. 226, 228 (1941).
[8] Although we see no significant difference between a residential lease and a commercial lease as to the obligations of good faith and commercial reasonableness, we are presented only with a business lease and, therefore, adopt the narrow holding. We are not presented with and make no ruling on the general duty of a landlord to mitigate damages under Florida law.