GRIMES, Acting Chief Judge.
Appellant seeks to appeal the dismissal with prejudice of counts I, II and V of his five count second amended com *1046 plaint. The dismissal of counts I and II is not appealable at this time because those counts are interrelated with and arise out of the same factual background as counts III and IV which remain pending against the same parties. North Indiatlantic Homeowners Ass’n v. Bogue, 390 So.2d 74 (Fla. 5th DCA 1980). However, the dismissal of count V may be appealed because it alleges a separate and distinct cause of action in fraud not interrelated with or involving the same transaction alleged in the other four counts. Mendez v. West Flagler Family Ass’n, 303 So.2d 1 (Fla.1974).
In dismissing the three counts, the trial court stated that they did not contain certain allegations which the court had noted as essential to stating a cause of action in an order dismissing a prior complaint. However, such allegations had nothing to do with the sufficiency of count V which was not filed until a later date and which is predicated upon a totally different theory. Upon the premise that a proper ruling, even if based on the wrong reason, should be affirmed, Stuart v. State, 360 So.2d 406 (Fla.1978), we have reviewed the sufficiency of count V and find it wanting. The circumstances constituting the alleged fraud are not pled with the particularity necessary to state a cause of action. See Fla.R.Civ.P. 1.120(b). Nevertheless, since count V first appeared in the second amended complaint, we believe that appellant should be given another opportunity to state a cause of action. Highlands County School Board v. K.D. Hedin Construction, Inc., 382 So.2d 90 (Fla. 2d DCA 1980).
The appeal is dismissed as it relates to counts I and II. The order with respect to count V is affirmed but the dismissal shall be without prejudice. The case is remanded for an order permitting appellant a reasonable length of time within which to file an amended count V.
OTT and SCHOONOVER, JJ., concur.