557 So.2d 617 (1990)
Sotere PETROU, D/B/a Modern Lady Hair-Stylists, Inc., Appellant,
v.
Joel B. WILDER and Stephen Weiner, As General Partners of Wri Delray Associates, Limited Partnership, Appellees.
No. 88-3170.
District Court of Appeal of Florida, Fourth District.
February 14, 1990.
Rehearing Denied March 28, 1990.
Robert E. Gordon and Peter S. Roumbos of McGee, Jordan, Shuey, Koons, Schroeder & Morris, P.A., Lake Worth, for appellant.
Cory J. Ciklin of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellees.
GARRETT, Judge.
Appellant appeals the final judgment awarding appellees unpaid rents of $18,803.61. Appellant received nothing on his counterclaim. The trial court also rendered a declaratory judgment that interpreted an ambiguous clause of the lease agreement.[1]
*618 Appellant owned Modern Lady, a beauty salon, and leased space in the Delray Mall. Sometime after appellees purchased the mall, appellant decided to sell his business. Appellant notified appellees that he wanted to assign the lease to the prospective new owner, Mr. Ha. Appellees notified appellant that the lease would be cancelled pursuant to paragraph 8 of their agreement. Appellant sent Mr. Ha's resume and net worth financial statement to appellees; however, an assignment was never considered because appellees wanted to subdivide appellant's area to create one more rental space. The proposed sale did not take place and the added financial burdens of a new lease eventually forced appellant to surrender the premises.
Paragraph 8 of the lease agreement, in part, provided:
ASSIGNING, MORTGAGING, SUBLETTING, CHANGE IN CORPORATE OWNERSHIP.
[T]enant agrees that for a period of one (1) year from the date on which Tenant shall open to the public for business in the premises, Tenant shall not, and shall not have the power to ... assign . .. this Lease ... without first procuring the written consent of Landlord, which may be given or withheld in Landlord's sole discretion. After the expiration of such one (1) year period, Landlord's consent to any such ... assignment ..., shall not be unreasonably withheld, subject to the terms, covenants and conditions contained herein... . The Landlord may, at any time within sixty (60) days after its receipt of such notice of a proposed assignment or subletting from the Tenant, cancel this Lease by mailing written notice to Tenant of its intention to do so, ... .
To summarize, when appellant gave notice after the first year of the lease, appellees could not unreasonably withhold consent to an assignment. However, upon receipt of appellant's notice to assign, appellees could terminate the lease.
Where two clauses of a lease are repugnant to each other and cannot stand together, the first shall remain and the latter shall fall. Boden v. Atlantic Federal Savings and Loan Association, 396 So.2d 827, 829 (Fla. 4th DCA 1981). A repugnant conflict was created when in the very same clause appellees's right to terminate negated appellant's right to assign. Appellant's right to assign must stand and appellees's right to terminate must fall.
Accordingly, we reverse and remand for a new trial on the issue of whether appellees unreasonably withheld consent to assign the lease.
ANSTEAD, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I believe that reversal and remand for trial on the issue of consequential damages are appropriate.
My dissent in Lane v. Floridus Enterprises, Inc., 391 So.2d 270, 272 (Fla. 4th DCA 1980), was based not only on the facts of that case, but also on my earlier experience of being at the bargaining table with clients  landlord or tenant  as a lawyer. Almost ten years later, I now wish that my name had been on the sensitive opinion written by Judge Ferguson in Fernandez v. Vazquez, 397 So.2d 1171 (Fla. 3d DCA 1981).
NOTES
[1] We find the wording of the final judgment confusing. Page 1 reads, "[Appellees] have sustained their burden of proof on their main clause or defense to the counterclaim to show that the [appellee] acted with good faith, without malice, for a proper economic reason, and for a commercially reasonable purpose...." On page 2, the trial judge found "[appellees] did not unreasonably without [sic] [withhold] their assignment ..., but instead never reached the point of determining whether it would assign the lease or not by virtue of their decision to go forward with other clauses in the lease... ." We conclude, despite the contrary language, the trial judge did not reach the issue of whether appellees unreasonably withheld consent to assign because he found that "[appellee] had the right to terminate the lease if they chose to do so."