## 2661-2671 EAST OAKLAND PARK BOULEVARD, INC. v CELLULAR PHONE USA, INC.
### Case No. 89-29773 02
Seventeenth Judicial Circuit, Broward County

November 7, 1990

## OPINION OF THE COURT

BARBARA BRIDGE, Circuit Judge.

THIS CAUSE having come before the Court on appeal from the County Court, and the Court having read the briefs and heard argument of counsel, and being otherwise advised in the premises, finds the following conclusions of fact and law:

### *CONCLUSION OF FACTS.*

In November of 1987 Appellant/Landlord, East Oakland Park

Boulevard, Inc., and Appellee/Tenant, Cellular Phone USA, Inc., entered into a written lease agreement. Pursuant to the agreement, Appellee agreed to lease space in a shopping center, owned by Appellant, for a term of three years. Appellee defaulted in rental payments and vacated the premises by October 1988. The Appellant, filed a complaint for Distress for Rent in the Broward County Court. Appellee filed affirmative defenses and two counterclaims stating that the landlord had breached the terms of the lease. This breach occurred by refusing permission to install a neon sign on the premises, and by unreasonably withholding consent for tenant to sublease the premises.

The lease presented to Appellee was drafted by Appellant. One material term insisted upon before execution of the lease was Appellant's approval for the erection of a neon sign. Dee Conway, conducted the lease negotiations on behalf of Appellant, and handwrote into the lease the following provisions; "neon sign O.K. is approved by the city of Wilton Manors." Appellee requested approval to erect the sign in order to advertise its business on Oakland Park Boulevard. Appellee understood the handwritten provision to mean they would not have to seek the approval of the landlord before installation of the sign. Appellant refused permission with regard to the installation of the neon sign. In March, 1988, Appellee exercised its right to obtain a subtenant. Initially, Appellant refused permission to sublease, and then gave written permission after some delay in April.

The case proceeded to a non-jury trial before the Honorable Jhn Gaudiosi. The lower court held the lease was not a valid contract and lacked mutuality of agreement, that the provision relating to the neon sign was ambiguous, and that the substantial delay in the landlord's response to tenant's request for consent to sublease was unreasonable.

### CONCLUSIONS OF LAW

The first issue on appeal argued by Appellant is that the lower court erred in finding the lease lacked mutuality of agreement, and was invalid. Appellant argues that neither party challenged the validity of the lease, or requested the court cancel or rescind the lease. Appellant contends an issue that has not been framed by the pleadings, or litigated by the parties, is not a proper issue for the Court's determination.[1] Appellee contends distress for rent is essentially an action for breach of lease. *F.S. 83.11, (1987)*. Since a lease is a contract, contract principles apply in a breach of lease situation. The elements for breach

---

[1] Appellant cites *Spencer v Devine*, 364 So.2d 22 (Fla. 1st DCA 1978), and *Hart v Hart*, 458 So.2d 815 (Fla. 4th DCA 1984) to support this proposition.

of contract include the formation of a valid contract. *Fernandez v Vazquez*, 397 So.2d 1171 (Fla. 3d DCA 1981). It is undisputed that for a contract to be valid, mutuality of agreement must exist. See *Goff v Indian Lake Estate, Inc.*, 178 So.2d 910 (Fla. 2d DCA 1965).

The record indicates that the parties misunderstood a material term in the lease, namely, the tenant's ability to install the sign. The Appellee understood that it needed only the approval of the City of Wilton Manors before it could install the sign. (R. 97, 104). Before Appellee could obtain a permit from the City, Appellant forbid the installation of the sign. The lower court, as trier of fact, heard all the evidence presented by both parties, and resolved the conflicts of evidence in favor of Appellee. The trial court correctly concluded the lease was not valid due to a lack of mutuality regarding a material term in the lease. The record clearly indicates prior to signing the lease, Appellee specified that advertising, by way of a neon sign, was necessary in order to promote their business. (R. 96,103)

Thus, this Court cannot on appeal resolve factual disputes already ascertained by the lower court. Trial Court decisions are presumptively valid and should be affirmed. Where the trial court relied on a wrong reason to reach its decision, it may still be affirmed if it is supported by an alternative theory. *Moudy v Southland Distributing Company of St. Petersburg, Inc.*, 452 So.2d 1045 (Fla. 2d DCA 1984); *Carpenter v Metropolitan Dade County*, 472 So.2d 795 (Fla. 3d DCA 1985).[2]

An appellate court can not re-evaluate evidence and substitute its judgment for that of the trier of fact. All reasonable inference drawn from the evidence must be viewed in a light most favorable to the prevailing party. An appellate court must affirm the judgment of the trial court if there is any valid basis in the record for the court's decision. *International Community Corp. v Orange Entertainment Center, Inc.*, 490 So.2d 169 (Fla. 5th DCA 1986). To succeed on appeal Appellant has to prove the decision of the trial court was against the manifest weight of the evidence, which burden Appellant has not met.

The second issue raised by Appellant is that the lower court erred in finding the provision relating to the sign ambiguous. The trial court found the provision ambiguous, as the evidence presented reflected a conflict in interpretation regarding the requirements of the sign. The Appellee stated only permission of the City was required before

---

[2] An Appellate Court is required to affirm the trial court order, if the order is consistent with any theory revealed by the record. *Green v First American Bank & Trust*, 511 So.2d 526 (Fla. 4th DCA 1987), rev. den 520 SO.2d 584.

installation of the sign. The Appellant continues to contend otherwise. Appellee alleges appellant breached the lease by reneging on its approval of the sign. This Court can only conclude that the trial court did not err in finding this provision ambiguous, as there was obviously a misunderstanding with regards to the provision. Any ambiguities in a lease should be properly construed against the party who drew it. *Finlayson v Broward County,* 471 So.2d 67 (Fla. 4th DCA 1985), appeal after remand 533 So.2d 462.[3]

The third issue raised by Appellant is that the lower court erred in finding that the landlord breached the lease by unreasonably withholding consent to sublease. The record indicates that the lack of a neon sign adversely affected Appellee's business; frustrated the essence of the lease; prompting appellee to move to a better location. Appellee then found a subtenant. Appellee informed the Landlord that time was of essence with regard to deciding whether to lease to the subtenant, who had to move in by the end of March. The Appellant refused permission to sublease, and then sent written permission two weeks later, in April. *Paragraph 8* of the Lease, prepared by appellant, assured that consent to sublease would not be unreasonably withheld. Furthermore, *Paragraph 35* of the Lease states that time is of the essence with respect to every provision in the lease.

In *Fernandez v Vazquez,* 397 So.2d 1171 (Fla. 3d DCA 1981), the Third District stated:

. . . a withholder of consent to assign a lease which fails the test for good faith in commercial reasonableness, constitutes a breach of the lease agreement, whether a landlord breached the lease by acting unreasonably in withholding consent of a commercial tenant is to be decided by the jury according to the facts in the case. . . *Fernandez, supra* 1174.

In the present case it is clear appellant unreasonably delayed and withheld consent. Appellee found a tenant ready willing and able to pay rent, and time was of essence in moving the subtenant into the premises. The lower court correctly ruled that the delay in granting permission to sublease resulted in losing the subtenant.

Appellant further contends that as no evidence was introduced relating to the financial ability of the subtenant, it is entitled to judgment as a matter of law. The Court finds no merit in this

---

[3] If an agreement fails to contain all the essential elements of a contract it will usually not be enforceable, and any ambiguity is construed against the drafter. *Costal Caisson Drill Co., Inc. v American Co. of Reading,* 523 SO.2d 791 (Fla. 2d DCA 1988).

proposition. Ample testimony at trial indicated that the subtenant was willing to pay more rent than appellee. In sum, Appellant can not raise this point for the first time on appeal. *Abrams v Paul*, 453 So.2d 826 (Fla. 1st DCA 1983).

The last issue raised by Appellant refers to the trial court reserving jurisdiction to determine attorneys' fees. The trial court reserved jurisdiction to determine and, then, possibly award attorneys' fees. The lower court did not state which party would be awarded fees and costs. The trial court may determine Appellee, the prevailing party, is not entitled to attorneys' fees. The trial court correctly retains jurisdiction to determine the issue of attorneys' fees. The jurisdiction of an appellate court is exclusive only as to the subject of the appeal. *Bailey v Bailey*, 392 So.2d 49 (Fla. 3d DCA 1981).

Based on the foregoing

IT IS ORDERED AND ADJUDGED that the judgment of the trial court is affirmed.

DONE AND ORDERED in chambers at Fort Lauderdale, Florida, on this 7th day of November, 1990.