WHATLEY, Judge.
Robert C. Collins and Phyllis Collins appeal a final judgment entered after a bench trial in favor of Brenda Fay Bannon and Otis Scott Jeffrey. The final judgment found that a real estate agreement between the parties was unenforceable because there was no meeting of the minds. We agree with the Collinses that the trial court improperly based the final judgment on this issue where neither party raised it.
A judgment may not be based on an issue that has not been framed by the pleadings, noticed for hearing, or litigated by the parties. See Gordon v. Gordon, 543 So.2d 428 (Fla. 2d DCA 1989); see also Noonan-Judson v. Surrency, 669 So.2d 1058 (Fla. 5th DCA 1996). In Spencer v. Devine, 364 So.2d 22 (Fla. 1st DCA 1978), the trial court found that an agreement between the parties was void ab initio, because it was so vague and ambiguous that no meeting of the minds ever existed. The First District reversed, holding that such finding was improper where the issue was neither framed by the pleadings nor raised by the parties at trial. See 364 So.2d at 23.
In the present case, Bannon and Jeffrey alleged in count I of their complaint that the Collinses were required to pay them $1,500 as a deposit pursuant to the contract.[1] In count II, Bannon and Jeffrey sought to recover possession of the property, alleging that the contract may not be enforceable because it did not contain a legal description of the property and, in the alternative, that the Collinses breached the contract. During closing arguments, Bannon and Jeffrey argued only that the Collinses breached the contract.[2] Neither party argued that the contract was void because there was no meeting of the minds. Therefore, since neither of the parties’ pleadings alleged that the contract was unenforceable because there was no meeting of the minds and neither party raised this issue at trial, the trial court improperly based the final judgment on such.
Accordingly, the final judgment is reversed and remanded for further proceedings consistent herewith.
PARKER, A.C.J., and FULMER, J., Concur.

. The trial court entered a directed verdict in favor of the Collinses as to count I.

. In the final judgment, the trial court found that the contract contained a sufficient description of the property.