834 So.2d 959 (2003)
Margaret Frances SABINE, Appellant,
v.
Harold SABINE, Jr., Appellee.
No. 2D02-2589.
District Court of Appeal of Florida, Second District.
January 22, 2003.
*960 Jackson S. Flyte, Lakeland, for Appellant.
Geraldyne H. Carlton, Lakeland, for Appellee.
CASANUEVA, Judge.
Margaret F. Sabine appeals a postdissolution judgment modifying her award of permanent periodic alimony. Because it was error to modify the final judgment under the circumstances of this case, we reverse.
After a long-term marriage, the parties were divorced in 1996. The marital settlement agreement that was incorporated into the final judgment of dissolution required Mr. Sabine to pay Mrs. Sabine permanent periodic alimony of $850 per month via an income deduction order and through the court depository "so long as the Husband remains employed." Contending that this language absolved him of further alimony payments following his retirement in early 2002, Mr. Sabine ceased making the court-ordered alimony payments and filed a motion seeking an order terminating his alimony duty. Mrs. Sabine countered by filing a motion seeking enforcement of the final judgment of dissolution. At the hearing on these motions, the court found that Mrs. Sabine was entitled to continue receiving $850 per month. Were that the proceeding's conclusion, we would affirm. However, the trial court went on to modify the final judgment based upon Mr. Sabine's lower retirement income. The court reduced the amount that Mr. Sabine had to pay by the amount that Mrs. Sabine had begun receiving from the Social Security Administration as a consequence of Mr. Sabine's retirement, $728 per month. Mrs. Sabine objected to the modification, contending that the issue was beyond the scope of the pleadings and that she had been denied notice and an opportunity to present evidence regarding her current increased financial needs. We agree and reverse.
Where, as here, a judgment is not based on an issue that had been framed by the pleadings, noticed for hearing, or litigated by the parties, it may not stand. Collins v. Bannon, 774 So.2d 66, 67 (Fla. 2d DCA 2000); Gordon v. Gordon, 543 So.2d 428, 429 (Fla. 2d DCA 1989) (holding that the trial court erred in ordering that parties in the dissolution action list the marital home for sale, where the motion before the court was for change in temporary support and where the motion and notice for hearing did not give notice that court would consider the final disposition of the marital home). The failure to follow these basic procedural requirements implicates due process concerns as well as fails to properly invoke the trial court's jurisdiction. LaLoggia-VonHegel v. VonHegel, 732 So.2d 1131, 1133 (Fla. 2d DCA 1999). The record clearly established that Mrs. Sabine's counsel had vehemently objected to the trial court's procedure and consideration of a reduction in the amount that Mr. Sabine should pay, and thus, the issue was not tried by consent. For these reasons, we reverse the judgment insofar as it purported to modify the alimony amount to be paid by Mr. Sabine. This decision is without prejudice to either party to seek a subsequent modification by proper petition.
Reversed.
STRINGER and KELLY, JJ., Concur.