DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

NICHOLAS J. PAPPAS,

Appellant,

v.

NICOLE T. PAPPAS,

Appellee.

No. 2D22-1791
_____

February 23, 2024

Appeal from the Circuit Court for Sarasota County; Hunter W. Carroll, Judge.

Nicholas J. Pappas, pro se.

Nicole T. Pappas, pro se.


ROTHSTEIN-YOUAKIM, Judge.

Nicholas Pappas (the Former Husband) appeals from a postdissolution order in which the trial court granted in part and denied in part the supplemental petition to modify or terminate the alimony obligation of Nicole Pappas (the Former Wife), temporarily suspended her alimony obligation, and denied the Former Husband's motions for contempt and attorneys' fees. We reverse the order to the extent that it temporarily suspended the Former Wife's alimony obligation and included two factual errors pertinent to the determination of the Former

Wife's expenses. In all other respects, we affirm without further discussion.

The parties divorced in April 2021. In the final judgment of dissolution, the Former Husband was awarded permanent alimony. Thereafter, the Former Wife filed a supplemental petition to modify or terminate alimony in which she asserted that an unexpected demotion at work and the corresponding pay cut warranted reduction or termination of her alimony obligation. The following day, the Former Husband moved for the Former Wife to be held in contempt for failure to pay any alimony.

A few months later, the Former Wife moved to continue the hearing set on her petition and on the Former Husband's motion, asserting that she was currently on short-term disability leave from work and thus would be "unable to provide the Court with current employment information." She also filed a financial affidavit indicating a further reduction in her salary based on that short-term leave.

At the hearing on the petition, however, the Former Wife was permitted, over the Former Husband's objections, to argue and present evidence of her short-term disability leave as a basis for modifying or terminating alimony. The trial court ultimately granted in part and denied in part the Former Wife's petition, reducing her monthly alimony obligation but then also suspending that obligation altogether for eight months "based on Former Wife's temporary disability."

The Former Husband raises multiple arguments on appeal, but at the outset we note that several of those arguments—including those raised in his untimely motion for rehearing—are unpreserved. *See Reid v. Cooper,* 955 So. 2d 31, 32 (Fla. 3d DCA 2007) (concluding that the appellant's untimely motion for rehearing was a nullity). Accordingly, we decline to consider them. *See Fine v. Fine,* 308 So. 3d 172, 173 (Fla. 4th

2

DCA 2020) (declining to consider the appellant's argument that the trial court erred by omitting certain stipulations from the final judgment "because the former wife did not move for rehearing or otherwise bring the error to the trial court's attention").

We are not, however, precluded from considering his argument that the trial court erred in temporarily suspending alimony based on the Former Wife's short-term disability. This argument is consistent with his timely objection below and is therefore preserved.

In her petition to modify or terminate alimony, the Former Wife asserted as grounds only her demotion and the resulting diminution in pay. Nowhere in the petition did the Former Wife assert her short-term disability as grounds for modifying or suspending alimony; nor did she move to amend her petition to incorporate her disability as a basis for modification or suspension. Rather, she raised her disability only as grounds for continuing the hearing that had been set on her petition and on the Former Husband's contempt motion. Moreover, at that hearing, the Former Husband objected to the Former Wife's presentation of evidence regarding her disability and to the trial court's consideration of it as a basis for relief from her alimony obligation.

"Where . . . a judgment is not based on an issue that had been framed by the pleadings, noticed for hearing, or litigated by the parties, it may not stand." *Sabine v. Sabine*, 834 So. 2d 959, 960 (Fla. 2d DCA 2003). Although such an issue may nonetheless be tried by consent, "[i]mplied consent arises when arguments and evidence are presented on the issue without objection by the opposing party." *C.J. v. Dep't. of Child. & Fam. Servs.*, 9 So. 3d 750, 755 (Fla. 2d DCA 2009). Here, however, the Former Husband objected. Consequently, the trial court erred in temporarily suspending her alimony obligation on this ground, and we

3

reverse and remand for vacatur of that portion of the order. *See Sabine*, 834 So. 2d at 960 ("The record clearly established that Mrs. Sabine's counsel had vehemently objected to the trial court's procedure and consideration of a reduction in the amount that Mr. Sabine should pay, and thus, the issue was not tried by consent."); *cf. Kraus v. Kraus*, 344 So. 3d 634, 636 (Fla. 3d DCA 2022) (affirming the trial court's order modifying alimony where the issues of the former husband's medical condition and loss of income were not raised in his petition but nonetheless were tried by consent).

Although we affirm the order with respect to the trial court's overall reduction in the Former Wife's alimony obligation based on her unexpected demotion, two errors in the court's factual findings also require correction on remand.[1] In calculating the Former Wife's net income, the trial court implicitly found the Former Wife to have a monthly residential insurance expense of $274 and expressly found her to have a monthly telephone expense of $190. As the Former Husband points out, however, the Former Wife testified at the evidentiary hearing that although she had had insurance on her former residence, she did not have it on her current residence and the $274 had been included on

_____

[1] The untimeliness of the Former Husband's motion for rehearing does not preclude us from reviewing the sufficiency of the evidence supporting the trial court's determination of the Former Wife's expenses. *See* Fla. Fam. L. R. P. 12.530(e) (2022) ("When an action has been tried by the court without a jury, the sufficiency of the evidence to support the judgment may be raised on appeal whether or not the party raising the question has made any objection to it in the trial court or made a motion for rehearing . . . ."); *see also Johnson v. Johnson*, 297 So. 3d 700, 703 (Fla. 1st DCA 2020) (concluding that the wife needed not raise her challenge to the specific amount the trial court awarded in durational alimony in a motion for rehearing since the claim constituted a sufficiency-of-the-evidence argument).

her most recent financial affidavit by mistake.  She also testified that her monthly telephone expense, which appears to cover only the children's telephones, had been reduced from $335 to $95.  The court should therefore recalculate the Former Wife's net income based on these corrected amounts.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

CASANUEVA and KELLY, JJ., Concur.

_____

Opinion subject to revision prior to official publication.